630 So.2d 1310 (1994)
In re ASBESTOS PLAINTIFFS
v.
BORDEN, INC., et al.
No. 93-CC-2632.
Supreme Court of Louisiana.
January 28, 1994.
*1311 PER CURIAM.
This application follows the Fourth Circuit Court of Appeal's denial of a writ application complaining of an Orleans Parish Civil District Court ad hoc judge's Order which established a mandatory non-trial docket for asbestos claimants who allegedly suffer from "less impairment" than other, more severely impaired asbestos claimants.
Notwithstanding that the Order represents a commendable effort to develop innovative ways to move a large number of cases, we view the trial court's establishment of a mandatory non-trial docket for "claims involving less impairment" as flawed in two particulars:
(1) The Order, as written, effectively prevents claimants who might otherwise have compensable claims from proceeding to trial, indefinitely, if they are unable to present medical evidence of a "heightened" impairment; and
(2) The Order requires claimants whose injuries might otherwise entitle them to recover damages to prove, prior to placement on the trial docket, and presumably at their own expense, a degree of impairment above and beyond what would be required of the claimants to recover damages at trial. Absent such additional medical proof, the Order forecloses these claimants from ever moving their cases to trial.
In our opinion, the establishment of the mandatory less-impaired, non-trial docket impairs the affected claimants' right to open courts, as well as their entitlement to trial by jury, as required by Article I, § 22 of the 1974 Louisiana Constitution, and La.Code Civ.Proc. art. 1731. In this regard, we are in agreement with a panel of the Fifth Circuit Court of Appeal, which held in similar asbestos litigation that "[a] mandatory non-trial docket impinges on the right of a plaintiff to have his/her case tried." Michael A. Accardo, et al v. Armstrong World Industries, Inc., et al., No. 93-C-671 (5th Cir.1993).
Our opinion in this matter is not to be construed as a prohibition against the prioritization of claims. A district judge will continue to have the discretion, when confronted with competing requests for trial dates, to set claims for trial based upon reasonable criteria, such as disease progression. In complicated mass tort litigation such as this, that discretion might include the creation of lists of claimants with common gravity of disease characteristics, and the utilization of such lists to prioritize the setting of claims for trial.
Furthermore, this Order should not be construed to prohibit trial judges from establishing voluntary non-trial dockets in mass tort litigation, or from adopting other innovative solutions, such as multiple trial settings. However, in this case, the mandatory nontrial docket, as written, imposes unacceptable *1312 additional burdens upon persons whose present claims, if proven, would appear to entitle them to redress in our courts.
ACCORDINGLY, THE TRIAL COURT'S ORDER ESTABLISHING A MANDATORY NON-TRIAL DOCKET FOR ASBESTOS CLAIMS INVOLVING LESS IMPAIRMENT IS VACATED, IN ACCORDANCE WITH THE PRINCIPLES NOTED ABOVE.
DENNIS, J., not on panel.