630 So.2d 1310 (1994)
STATE of Louisiana
v.
James E. LANDFAIR.
No. 93-K-2815.
Supreme Court of Louisiana.
January 28, 1994.
Rehearing Denied March 11, 1994.
Granted. See per curiam.
PER CURIAM.
Judgment of the court of appeal, 626 So.2d 401, is reversed. La.R.S. 15:85(A)(2)(a) provides in pertinent part, "[a] sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section." In the instant case, notice was sent by certified mail to the surety on March 30, 1992. The surety did not file its motion for discharge and release until October 7, 1992, well outside of the sixty day limit.
The court of appeal refused to apply the sixty day appeal delay, finding that notice was not proper because it was not sent certified mail, return receipt requested. We disagree with this reasoning. While La.R.S. 15:85(A)(1)(b) provides that notice to defendant's surety be sent by certified mail, return receipt requested, the sixty day appeal period under La.R.S. 15:85(A)(2)(a) commences from the date of mailing. The state proved that the notice was mailed. The surety does not contend that it did not receive the notice, or that it was prejudiced in any way by the failure of the clerk to request a return receipt. Since the statute does not require proof of receipt, we see no substantive difference between sending the notice certified mail or certified mail, return receipt requested.
Accordingly, the judgment of the court of appeal is reversed. The state's exception of prescription is sustained, and the surety's motion for discharge and release is dismissed with prejudice.
KIMBALL, J., dissents.
LEMMON, J., not on panel.