JaLOTTINGER, Chief Judge.
This appeal arises from the denial of a motion for discharge and release of a commercial surety from a bail bond obligation. The commercial surety appeals.
FACTS
On December 13, 1990, Cynthia J. Blair, defendant, was arrested and charged with theft. Defendant’s bond was set at $6,000.00. Ranger Insurance Company (Ranger), a commercial surety, posted the bond. Felony arraignment was scheduled for March 20, 1991. Defendant failed to appear for her arraignment.
On July 31, 1991, the State moved to set a bond forfeiture hearing, and that Ranger, as surety, be served with notice of the hearing. The trial court scheduled the bond forfeiture hearing for October 15, 1991, and ordered that Ranger be notified to appear for the hearing. The October 15, 1991, judgment states that Ranger was served with notice of the hearing on August 12, 1991.
On October 15,' 1991, the trial court conducted the hearing. However, neither Ranger nor the defendant appeared to oppose the bond forfeiture. Following the hearing, the trial court rendered judgment in favor of the State, and against Ranger, in the amount of $6,000.00, and ordered that the defendant’s bail bond be forfeited. Judgment was signed on October 28, 1991.
On October 29, 1991, the clerk of court sent a letter notifying Ranger that judgment of bond forfeiture was signed on October 28, 1991, due to defendant’s failure to appear. The letter indicates that a copy of the judgment was attached. Furthermore, the clerk executed an affidavit certifying that notice of the forfeiture was sent to Ranger by mail. The affidavit was placed in the record. There is no evidence in the record to indicate that the clerk sent notice by certified mail, return receipt requested.
The judgment of bond forfeiture did not name defendant as a party cast in judgment. On December 10, 1991, the State moved to have the judgment amended to correct this clerical error. On December 11, 1991, the trial court amended the judgment to reflect that defendant and Ranger were liable, in solido, for the amount of the bond. On December 12, 1991, the clerk of court sent a letter notifying Ranger of |3the amended judgment. The letter indicates that a copy *704 of the amended judgment was included. Additionally, the clerk executed an affidavit certifying that a copy of the amended judgment was mailed to Ranger. The affidavit was placed in the record. Still no evidence is present in the record to indicate that the clerk sent the notice by certified mail, return receipt requested.
On January 8, 1992, the district attorney’s office sent Ranger a letter notifying it of the judgment of bond forfeiture signed by the trial court. The letter indicates that a copy of the judgment was enclosed, and the letter was sent to Ranger by certified mail, return receipt requested. The return receipt indicates that Ranger received the letter on January 13, 1992.
On February 1, 1993, Ranger moved to be discharged and released of its obligations as surety on the bond, complaining that the clerk of court failed to send it proper notice of the forfeiture. The trial court denied Ranger’s motion to set aside the bond forfeiture, reasoning that Ranger had sufficient and timely notice that the bond had been forfeited.
ASSIGNMENT OF ERROR In appealing, Ranger contends the trial court erred by denying its motion for discharge and release as surety.
DISCUSSION
Ranger argues that the State failed to comply strictly with the terms of the statute regulating bond forfeitures in that the clerk of court did not send it notice of the forfeiture judgment by certified mail, return receipt requested as required by La.R.S. 15:85(A)(l)(a). Accordingly, Ranger contends that this court must reverse the trial court’s denial of the motion for discharge and release of surety.
In opposition, the State argues that the gist of Ranger’s complaint hangs on the fact that it did not receive notice of the judgment by certified mail, return receipt requested, on the clerk of court’s letterhead. Furthermore, the State asserts that Ranger has never alleged that it did not receive notice of the forfeiture judgment. The State maintains that the notice of the forfeiture judgment via certified mail, return Ureceipt requested, on the district attorney’s letterhead suffices.
La.R.S. 15:85 sets forth criminal bond forfeiture procedure. At the time of the bond forfeiture in this case, La.R.S. 15:85(A)[1] set forth the procedure for forfeiture of a bond executed by a surety company. Accordingly, La.R.S. 15:85(A) provided as follows:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
*705 (b) “Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety. (Emphasis added).
Without question, Ranger received notice of the judgment of bond forfeiture by certified mail, return receipt requested, within six months of the forfeiture, | ¡¡albeit from the district attorney’s office.[2]
We do not believe that Ranger suffered prejudice simply because it received notice of the forfeiture from the district attorney instead of from the clerk of court. As the supreme court determined in State v. DeLa-Rose, 391 So.2d 842 (La.1980), the statute’s purpose is to shield the surety from prejudice brought about by the delay in learning of the defendant’s failure to appear. Because there was no unnecessary delay, Ranger was not deprived of any reasonable opportunity to locate and surrender defendant. Hence, Ranger did not suffer prejudice.
Therefore, Ranger’s assignment of error is wholly without merit.
DECREE
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AEFIRMED.

. In 1993, the legislature amended La.R.S. 15:85 by Acts 1993, No. 834, § 4. The 1993 amendment to La.R.S. 15:85 became effective on June 22, 1993. However, this change in the law is not germane to our disposition of this case because the law in effect at the time of the bond forfeiture is the law that applies. See State v. Adkins, 613 So.2d 164, 166 (La.1993) (per curiam).

. Additionally, we note that "proper notice” to the surety within the meaning of La.R.S. 15:85(A) does not signify that notice must be sent by certified mail, return receipt requested. Although La.R.S. 15:85(A)(l)(b) pronounces that notice to the defendant’s surety be sent by certified mail, return receipt requested, the supreme court provided recently that “[s]ince the statute does not require proof of receipt, we see no substantive difference between sending the notice certified mail or certified mail, return receipt requested." State v. Landfair, 630 So.2d 1310 (La.1994) (per curiam). Hence, the statute requires only notice, not proof of service. Accordingly, pursuant to La.R.S. 15:85(A), the crux is whether the surety received timely notice of the forfeiture so that the surety does not suffer substantial prejudice, which is the deprivation of any reasonable opportunity to locate and surrender the defendant.