FOGG, Judge.
This is an appeal from the failure to discharge a surety company, Ranger Insurance Company (Ranger), from a bond obligation which it posted on behalf of defendant, Adam Sanchez. We affirm.
On February 27, 1991, the defendant, Adam Sanchez, was arrested and charged with improper lane usage in violation of La. R.S. 32:79(1), operating a motor vehicle on a public highway with no driver’s license in violation of La.R.S. 32:52, and possession of marijuana with intent to distribute in violation of La.R.S. 40:966 A(1). On February 27, 1991, Ranger issued a commercial surety bond in the amount of $25,000.00 on Sanchez’s behalf. Sanchez failed to appear for trial, and subsequently, on motion of the district attorney, the judge granted a bond forfeiture. On February 24, 1992, the judgment of bond forfeiture was signed. On January 25, 1993, Ranger filed a motion to set aside the bond forfeiture, which was denied by the trial court. Ranger appeals that judgment, contending the trial court erred in finding that the state complied with the notice requirements of La.R.S. 15:85(A)(1)(b).
On February 24, 1992, La.R.S. 15:85, which sets forth the procedure for the forfeiture and collection of bonds, provided, in pertinent part, as follows [1]:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall | .^include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) “Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
In the instant case, a notice of the judgment of bond forfeiture was mailed by the clerk of court to the surety and its agent on March 23, 1992. Although all other applicable requisites of La.R.S. 15:85 were satisfied, the record does not reflect compliance by the clerk with notice to the surety by certified mail, return receipt requested. However, on July 7, 1992 (within six months of February 24, 1992), the district attorney’s office sent to Ranger, by certified mail, a letter and a copy. of the judgment of bond forfeiture. The state contends that this is sufficient to comply with the notice requirements of La.R.S. 15:85. We agree.
The mailing of the notice required by La.R.S. 15:85 by the district attorney’s office *805 rather than the clerk of court’s office was a technical error, which in the context of this case was harmless. The crucial considerations are whether the surety in fact received timely notice of the forfeiture, and whether the deficiencies in any way prejudiced the surety in its ability to locate the defendant, or otherwise identify its obligation under the surety contract. See In re Indiana Lumbermens Mut. Ins., 633 So.2d 715 (La.App. 1st Cir.1993), writ denied 634 So.2d 859 (La.1994); American Bankers Insurance Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991). The state proved that a notice was mailed by certified mail[2]. The surety does not contend that it did not 14receive the notice, or that it was prejudiced because of the deficiency. Therefore, the trial court did not err in denying Ranger’s motion to discharge the surety.
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be borne by Ranger Insurance Company.
AFFIRMED.

. La.R.S. 15:85 was amended by Act 834 of 1993 which became effective June 22, 1993. This amendment is not pertinent to the instant judgment of forfeiture which was rendered on February 24, 1992.

. The record does not indicate whether a return receipt was requested, but under the recent holding State v. Landfair, 630 So.2d 1310 (La.1994), the failure to do so in not fatal.