I2CARTER, Judge.
This is an appeal from a trial court judgment in a bond forfeiture proceeding, denying the surety’s motion for discharge and release.

FACTS

On May 15, 1990, defendant, Marie Arcen-eaux, was charged by bill of information with forgery, a violation of LSA-R.S. 14:72. On September 22, 1990, Indiana Lumbermens Mutual Insurance Company (Indiana) filed an appearance bond on behalf of defendant. On September 27, 1990, the court ordered trial to be set on November 26,1990. Defendant apparently failed to appear for the trial, and on December 11, 1990, the court issued an order for defendant’s arrest for her failure to appear at the November 26, 1990, trial.
On January 10, 1991, Indiana and its agent, Patricia Anderson Bonding, were notified that a hearing on defendant’s bond forfeiture would be held on February 15, 1991. On February 15,1991, defendant again failed to appear in court as ordered, and the court rendered judgment, forfeiting the bail bond.
On February 19, 1991, the clerk of court sent to Indiana and its agent, by United States mail, a notice of rendition of judgment of forfeiture. Furthermore, the deputy clerk of court executed an affidavit certifying that notice of the forfeiture was sent to Indiana by mail. The affidavit was also placed into the court record. Indiana stipulated that it received notice of the judgment of bond forfeiture.
On September 7, 1993, almost thirty-one months after the rendition of the judgment of forfeiture, Indiana filed a motion to be discharged and released from all obligations as surety on the bond, claiming that it had not received proper notice of the judgment of forfeiture in accordance with LSA-R.S. 15:85A(1). On November 30, 1993, the trial court signed a judgment, denying Indiana’s motion. Indiana appealed from this judgment, assigning as error the trial court’s denial of its motion for discharge and release of surety.
In May of 1994, the State of Louisiana (State) filed a motion to dismiss the appeal, contending that Indiana’s motion for discharge and release was untimely because Indiana failed to assert a defense to the judgment of bond forfeiture or perfect an appeal of the |,judgment within the sixty-day time period set forth in LSA-R.S. 15:85A(2)(a). On February 15, 1995, this court referred the motion to dismiss to the merits of the appeal.

DISCUSSION

At the time of the bond forfeiture in this case, LSA-R.S. 15:85, which sets forth the procedure for the forfeiture and collection of bonds, provided, in pertinent part, as follows: [1]
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of *1084 attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice alone shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent also shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) “Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
(2)(a) ... A sixty-day period from mailing of proper notice herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section_ (Emphasis added.)
|4In its motion to dismiss the appeal, the State contends that Indiana’s motion for discharge and release was untimely because Indiana failed to assert a defense to the judgment of bond forfeiture or perfect an appeal of the judgment within sixty days of the mailing of the notice of judgment of bond forfeiture in accordance with LSA-R.S. 15:85A(2)(a).
The record indicates that notice of the judgment of bond forfeiture was mailed to Indiana and its agent on February 19, 1991. Indiana did not file its motion for discharge and release until September 7, 1993, well outside the sixty-day limit. The State proved that the notice was mailed, and Indiana stipulated that it received the notice. Accordingly, if the notice which it received was “proper” in accordance with LSA-R.S. 15:85A(2)(a), Indiana’s motion for discharge and release was untimely. See State v. Landfair, 93-2815 (La. 1/28/94), 630 So.2d 1310.
Therefore, we must determine whether the notice sent on February 19, 1991, triggered the running of the sixty-day time period for opposing the forfeiture or for filing an appeal. Indiana contends that the notice of the bond forfeiture judgment mailed by the clerk of court on February 19, 1991, was not proper because the notice was not sent by certified mail, return receipt requested. However, the jurisprudence is clear that the requirement of sending notice to defendant’s surety by certified mail, return receipt requested, is applicable solely to the notice of the defendant’s appearance date, and not to the notice of judgment of bond forfeiture.
In State v. Williams, 26024 (La.App. 2nd Cir. 8/17/94), 641 So.2d 1050, 1052-1053, the court, relying on State v. Brown, 577 So.2d 784 (La.App. 2nd Cir.1991), observed that, under the provisions of LSA-R.S. 15:85A(1), two types of notice are contemplated. The first is notice of appearance; the second is notice of judgment of forfeiture.
Under the plain wording of LSA-R.S. 15:85A(l)(b), “notice to the defendant” must be sent by certified mail, return receipt requested. However, the words “notice to the defendant” are used in connection with, and only in connection with, notice of the time fixed for appearance. The statute simply does not require notice of forfeiture to be sent |sto the defendant’s surety by certified mail, return receipt requested. State v. Williams, 26024 (La.App. 2nd Cir. 8/17/94), 641 So.2d at 1052.
Thus, the express language of LSA-R.S. 15:85A requires no special form of mailing, and regular mail is sufficient to notify a surety of a judgment of bond forfeiture. See State v. Williams, 26024 (La.App. 2nd Cir. 8/17/94), 641 So.2d at 1053; State v. Adkins, 621 So.2d 656, 659 (La.App. 2nd Cir.), writ denied, 629 So.2d 1126 (La.1993). If the legislature had intended to require more than the mailing of notice via regular mail, it easily could have so provided. State v. Adkins, 621 So.2d at 659.
Recently, in State v. Blair, 93-2137 (La. App. 1st Cir. 10/7/94), 644 So.2d 703, writ denied, 94-2749 (La. 1/27/95), 649 So.2d 382, this court was faced with the issue of whether notice to the surety of a judgment of bond *1085 forfeiture by certified mail, return receipt requested, from the District Attorney, rather than from the clerk of court constituted proper notice to the surety under LSA-R.S. 15:85A. We held that the notice was proper because the surety suffered no prejudice due to receipt from the District Attorney, rather than from the clerk of court. Although the opinion did not address the two types of notice contemplated in LSA-R.S. 15:85, we noted that “proper notice” to a surety within the meaning of LSA-R.S. 15:85A does not signify that notice of bond forfeiture must be sent by certified mail, return receipt requested. The statute requires only notice, not proof of service. Accordingly, pursuant to LSA-R.S. 15:85A, the crux is whether the surety received timely notice of the forfeiture so that the surety does not suffer substantial prejudice, which is the deprivation of any reasonable opportunity to locate and surrender the defendant. State v. Blair, 93-2137 (La.App. 1st Cir. 10/7/94), 644 So.2d at 705, n. 2.[2]
| eln the instant case, the State proved that notice of the bond forfeiture judgment was mailed to Indiana as required by law. Therefore, the notice was proper. Because proper notice was sent to Indiana, and Indiana did not assert a defense to the judgment of bond forfeiture or perfect an appeal within sixty days of the mailing of the notice, Indiana’s motion for discharge and release was filed after the judgment of bond forfeiture had become definitive. Consequently, the November 30, 1993, judgment rendered on this motion was invalid.
Accordingly, we lack jurisdiction to entertain Indiana’s appeal from the judgment on its motion for discharge and release because it was an invalid judgment. Moreover, we lack jurisdiction as to the appeal from the judgment of bond forfeiture mailed on February 19, 1991, in that it was filed untimely. State v. Isaac Byrd, 640 So.2d 259, 260 (La. App. 1st Cir.1993). The State’s motion to dismiss Indiana’s appeal is granted. Indiana is cast for all costs.
APPEAL DISMISSED.

. LSA-R.S. 15:85 was amended by Act 834 of 1993, which became effective on June 22, 1993. This amendment, however, is not pertinent to the instant judgment of forfeiture, which was rendered on February 15, 1991.

. In State v. Sanchez, 93-2138 (La.App. 1st Cir. 10/7/94), 644 So.2d 803, writ denied, 94-2750 (La. 1/27/95), 649 So.2d 382, this court held that a letter and copy of judgment of bond forfeiture sent to the surety by certified mail, return receipt requested, by the District Attorney within six months of the judgment of forfeiture constituted proper notice for purposes of LSA-R.S. 15:85A. Although the court did not address the two types of notice contemplated by the statute, it stated that the crucial considerations are whether the surety in fact received timely notice of the forfeiture and whether the deficiencies in any way prejudiced the surety in its ability to locate the defendant, or otherwise identify its obligation under the surety contract.