907 So.2d 82 (2005)
STATE of Louisiana
v.
Clinon GIBSON, Jr.
No. 2004 CA 0591.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*83 Doug Moreau, District Attorney, Kory J. Tauzin, Assistant District Attorney, Baton Rouge, Counsel for Plaintiff/Appellee State of Louisiana.
Kenneth J. Beck, Julie C. Tizzard, Gretna, Counsel for Defendant/Appellant Banker's Insurance Company.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
MCCLENDON, J.
The issue raised in this appeal is whether the failure to use a correct zip code when mailing notification of the signing of a judgment of bond forfeiture to the defendant, pursuant to LSA-R.S. 15:85(3)(a)(i), renders the bond forfeiture invalid. We affirm the judgment of the trial court finding that the surety failed to show any prejudice as a result of the use of the incorrect zip code.
The record shows that defendant, Clinon Gibson, was arrested for possession of cocaine, possession of marijuana, and resisting an officer on April 26, 2002 in East Baton Rouge Parish. Gibson obtained an appearance bond with Banker's Insurance Company (Banker's) and its agent Bail Bonds Unlimited (Bail Bonds) in the amount of $7,500.00. On October 24, 2002, Gibson missed his court date for arraignment, and a bond forfeiture judgment was entered against him.[1] Following Gibson's subsequent appearance before the court, the judgment was recalled. On April 7, 2003, Gibson failed to show for another court appearance and a bond forfeiture judgment was rendered in favor of the *84 State and against Gibson as principal, and Banker's and Bail Bonds, as sureties. The record reflects that on April 11, 2003, notice of bond forfeiture was sent to the sureties, and on April 15, 2003, notice was sent to Gibson. Due to an error by the clerk, the notice to Gibson contained a zip code other than that given on his bond.
On November 10, 2003, Banker's filed a Motion to Set Aside the Judgment of Bond Forfeiture and Petition for Nullity of Judgment based on the incorrect zip code. A hearing was held on the motion and the motion was denied. Banker's appealed.
Louisiana Revised Statutes 15:85(3)(a)(i), regarding the notice to a defendant of a judgment of bond forfeiture, provides:
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all of the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
Louisiana Code of Criminal Procedure article 322A provides:
A. The defendant when signing a bail bond shall write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address.
Additionally, LSA-R.S. 15:85(3)(c) provides:
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
In the instant case, Gibson failed to appear for a scheduled hearing on April 7, 2003. The notice of the signing of the judgment of bond forfeiture was mailed to Gibson on April 15, 2003, using a zip code other than that given on the bond. In all other respects, the address was correct. The trial court determined that the zip code was not part of the address and denied Banker's motion. On appeal, Banker's contends that the trial court erred in failing to find that the court had an obligation to mail the notice to Gibson at the address on the bond, which contained the proper zip code. According to Banker's, the notice did not comply with the requirements of LSA-R.S. 15:85(3)(a)(i), and therefore, the bond forfeiture should have been set aside. We disagree.
The statute in question does not define "address" to either include or exclude a zip code.[2] To this extent, we find LSA-R.S. 15:85(3)(a)(i), as it pertains to the definition of address, to be ambiguous. When the language of a law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms *85 to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. arts. 10 and 12. Detillier v. Kenner Regional Medical Center, 03-3259 (La.7/6/04), 877 So.2d 100, 103. Therefore, we must look to the intent of said statute.
In State v. Blair, 93-2137 (La.App. 1 Cir. 10/7/94), 644 So.2d 703, writ denied, 94-2749 (La.1/27/95), 649 So.2d 382, the court was asked to determine whether notice to the surety of a judgment of bond forfeiture by certified mail from the district attorney rather than from the clerk of court constituted proper notice to the surety. The court held that the notice was proper because the surety suffered no prejudice due to receipt from the district attorney. Citing State v. DeLaRose, 391 So.2d 842 (La.1980), the court in Blair recognized that, with regard to intent, the purpose of LSA-R.S. 15:85 is to shield the surety from prejudice brought about by the delay in learning of the defendant's failure to appear.[3]Blair, 93-2137 at p. 5, 644 So.2d at 705. Similarly, in State v. Arceneaux, 94-0414 (La.App. 1 Cir. 6/23/95), 657 So.2d 1082, notice of bond forfeiture to a surety was held to be proper although the notice was not sent by certified mail, return receipt requested.[4] Although the definition of address was not before the court in any of the above cases, the court in each case recognized that the intent of LSA-R.S. 15:85 is to insure that the surety receive timely notice of the forfeiture so that the surety does not suffer substantial prejudice, which is the deprivation of any reasonable opportunity to locate and surrender the defendant. Arceneaux, 94-0414 at p. 5, 657 So.2d at 1085; Blair, 93-2137 at p. 5, 644 So.2d at 705 n. 2.
In the instant matter, in accordance with LSA-R.S. 15:85(3)(a)(i), the notice of the bond forfeiture was sent to defendant at the address where he resided as designated pursuant to LSA-C.Cr.P. art. 322. However, we acknowledge it contained an incorrect zip code. Nevertheless, there is no allegation that the parties did not receive timely notice, nor has there been any allegation or showing of any prejudice. There was no unnecessary delay, and Banker's was not deprived of any reasonable opportunity to locate and surrender defendant. Therefore, in this instance, we do not believe that failure to include a proper zip code rendered an otherwise correct address, invalid. Banker's assignments of error are without merit.
Accordingly, for the above and foregoing reasons the judgment of the trial court is affirmed at Banker's Insurance Company's costs.
AFFIRMED.
GAIDRY, J., concurs with reasons.
GUIDRY, J., concurs in the result.
GAIDRY, J., concurs and assigns reasons.
I concur with the result reached by the majority but write separately to express my disagreement in part with the reasoning.
The majority affirms the trial court's dismissal of Banker's motion to set aside the judgment based on a finding that Banker's suffered no prejudice from the improper zip code on the notice mailed to Gibson. This court has held, as have other *86 appellate courts, that minor defects in bond forfeiture procedures may be considered harmless if the record as a whole shows the surety received notice and was not prejudiced by the deficiencies. See State v. Saucier, 95-2267 (La.App. 1 Cir. 6/28/96), 676 So.2d 838, writ denied, 96-1963 (La.11/1/96), 681 So.2d 1271; Allied Fidelity Insurance Company v. Boudreaux, 476 So.2d 469 (La.App. 1 Cir. 1985); State v. McCart, 26,954 (La.App. 2 Cir. 5/10/94), 655 So.2d 594. Because Banker's does not dispute receipt of notice and has alleged no prejudice, I agree with the majority's affirmance in this case.
There is language, however, in the majority opinion that I think is superfluous and with which I disagree. The majority concludes La. R.S. 15:85(3)(a)(i) is ambiguous, because it does not define "address" to either include or exclude a zip code. The conclusion that Banker's was not prejudiced in this case does not require that we define "address," and even if it did, I do not believe there is any ambiguity in the meaning of "address." As it is commonly understood, a party's mailing address includes his zip code, which if not used, will likely mean the item will not reach the intended recipient. Thus, even if a proper resolution in this case required that we define "address," I would interpret the word as used in the applicable statutes, to require that a proper zip code be included.
For the foregoing reasons, I concur with the majority opinion in this case.
NOTES
[1] LSA-R.S. 15:85 provides in pertinent part:

All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
[2] We make note of the rules and regulations of the U.S. Postal Service, found in 39 C.F.R. Part 111, regarding the publication and availability of the Domestic Mail Manual (DMM). The DMM contains official rates and standards of the U.S. Postal Service governing domestic mail services. According to the DMM, the zip (zone improvement plan) code system is a numbered coding system that facilitates efficient mail processing. A010.2.0. Regarding standard addressing formats, the DMM further provides that address elements include a zip code "where required." Thus, unless specifically required, zip codes "may be omitted from single-piece rate First-Class Mail (including Priority Mail), single-piece rate Parcel Post, and pieces bearing a simplified address." A010.1.2.
[3] Although LSA-R.S. 15:85 has since been amended, the intent of the statute has not changed.
[4] LSA-R.S. 15:85, as written at that time, required no special form of mailing of the notice.