BROWN, Chief Judge.
| defendants, Louisiana Bail Bonds, Inc., and International Fidelity Insurance Company, appeal the judgment of the trial court denying their motion to set aside a bond forfeiture. For the following reasons, we affirm.

Facts and Procedural Background

On October 29, 2003, Michelle White was arrested for theft. After bonding out of jail, White failed to appear for her continued arraignment. Pursuant to a bench warrant, White was rearrested on June 15, 2005. The arrest report listed Michelle White as an alias and Crystal McKinney as the accused’s name. Again, White bonded out of jail and failed to appear for her continued arraignment. After another warrant was issued, White was arrested on September 23, 2006. The arrest report listed Michelle White as the accused’s name and Crystal McKinney as an alias.
On September 23, 2006, Louisiana Bail Bonds, Inc., and International Fidelity Insurance Company made bond for Crystal McKinney in the sum of $716.00. After appearing for arraignment and pleading not guilty, White/McKinney failed to appear for her trial on March 14, 2007. As a result of her failure to appear, a bond forfeiture judgment was rendered against Michelle White, Louisiana Bail Bonds, Inc., and International Fidelity Insurance Company in solido for the sum of $716.00 together with legal interest and costs on April 30, 2007. The sureties received notice of the judgment of bond forfeiture against Michelle White on or about May 5, 2007. On all documents associated with the arrests, charges and bonding, the address, description and birth information was the same, whether the accused was listed as White or McKinney.
|2On November 14, 2007, Louisiana Bail Bonds, Inc., and International Fidelity Insurance Company filed a motion to set aside the bond forfeiture judgment claiming that the State failed to mail proper notice. The motion was argued and denied on December 6, 2007. Louisiana Bail *450 Bonds, Ine., and International Fidelity Insurance Company now appeal.

Discussion

Forfeiture of bail bonds is regulated by La. R.S. 15:85. The pertinent portions of this statute provide:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(3)(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant’s failure to appear shall release the sureties of any and all obligations under the bond.
In the case presently before the court, the only deficiency alleged in the notice is that the judgment was rendered against Michelle White, not Crystal McKinney. Defendants contend that the judgment of bond forfeiture did not put them on notice that their bond obligation had been forfeited, as their records did not indicate that a person using the name Michelle White was their client. Therefore, they did not receive proper notice of the bond forfeiture, and the judgment should be set aside. We find, however, that even though the judgment was issued against Michelle |3White, and the sureties’ records for the September 23, 2006, bond were filed under Crystal McKinney, defendants were given adequate notice.
Our finding is based upon the contents of the notice received by defendants and the judgment of bond forfeiture. The judgment listed the power (of attorney) number (IC916512), the location and date of the court proceedings, the case number (03011043), and the judgment amount forfeited ($716.00). All of these items corresponded to the information contained in the surety bond and power of attorney documents signed by defendants. Thus, whether the accused’s name is Michelle White or Crystal McKinney, all of the other information, at a minimum, put defendants on notice that they should inquire further.
In fact, Deputy Marshal Paula Golman testified that an employee of Louisiana Bail Bonds, Inc., contacted her approximately three or four days after receiving the judgment to inquire further. According to Dy. Golman’s testimony, after an employee of Louisiana Bail Bonds, Inc., informed her that it did not have a bond on Michelle White, Dy. Golman pulled the file and informed him that Michelle White’s alias was Crystal McKinney.
Based upon the aforementioned, it is apparent that defendants were given timely and sufficient notice that their bond had been forfeited. Even so, if there was a technical deficiency in the notice, it did not prejudice defendants in a way that would hinder their ability to locate their client, or otherwise identify their obligation under the surety contract. See State v. McCart, 26,954 (La.App. 2d Cir.05/10/95), 655 So.2d 594; State v. Sanchez, 93-2138 (La.App. 1st Cir.10/07/94), 644 So.2d 803, writ denied, 94-2750 (La.01/27/95), 649 So.2d 382.
Defendants also argue that because their contractual relationship was with Crystal McKinney and not Michelle White, they cannot be bound in solido for a judgment cast against Michelle White. For the reasons stated above, we find that this *451 argument is without merit. The effects of the suretyship between defendants and the principal obligor, whether it is Michelle White or Crystal McKinney, are the same.

Conclusion

For the foregoing reasons, we affirm the judgment of the trial court denying the motion to set aside bond forfeiture. Costs of this appeal are to be assessed to defendants, Louisiana Bail Bonds, Inc., and International Fidelity Insurance Company.