391 So.2d 842 (1980)
STATE of Louisiana
v.
Ruben DeLaROSE.
No. 80-K-1377.
Supreme Court of Louisiana.
December 15, 1980.
Steven A. Hansen, DeCelle & Hansen, Monroe, for Rockwood Ins. Co., applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Sam A. Smith, Asst. Dist. Attys., Sedric E. Banks, Banks & Moore, Monroe, for plaintiff-respondent.
LEMMON, Justice.
This is an appeal by Rockwood Insurance Company from a judgment dismissing its motion to set aside an earlier judgment forfeiting Rockwood's bail bond that had been furnished to insure defendant's appearance in court. We hold that the 14-month delay between the motion to forfeit the bond when defendant failed to appear and the entry of judgment forfeiting the bond operated to discharge the surety from its obligations under the bond.
A bill of information was filed in May, 1978, charging defendant with theft. Defendant secured his release from custody by furnishing a $2000 appearance bond executed by Rockwood on June 17, 1978.
*843 Defendant failed to appear for trial on August 14, 1978. The court granted the prosecution's oral motion to "call him on his bond". However, the judgment of forfeiture was not rendered until October 15, 1979, after a hearing based upon the introduction of court minutes reflecting defendant's failure to appear for trial. Notice of the bond forfeiture was mailed to the surety and its agent on October 22, 1979.
R.S. 15:85 A provides in pertinent part:
"A. All bonds taken to secure the appearance of any person before any district court, except at a preliminary examination, shall be forfeited and collected as follows:
"(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within sixty days after the entry of the forfeiture shall release the surety from all obligations under the bond." (Emphasis supplied).
R.S. 15:85 A clearly requires specific procedures when the district attorney moves for bond forfeiture after a defendant fails to appear at the time fixed for his appearance. The requirement that the judge enter forthwith a judgment decreeing the forfeiture of the bond expresses a legislative intent for immediate action, while the probability of locating the defendant is greater.[1] Furthermore, the entry of judgment triggers the additional requirement of prompt notice of the forfeiture to the surety (and not merely to the agent), emphasizing the legislative scheme for judicial action without delay and for the surety's prompt receipt of knowledge that the principal did not appear. Indeed, the statute's provision for release of the surety from all obligations under the bond, when the surety is not notified of the forfeiture within 60 days of entry, recognizes the substantial prejudice to a surety from delay in learning of a defendant's failure to appear. Since the underlying purpose of a bond is to insure the appearance of a defendant released on bail, that purpose is disserved when the surety (whose interest in securing the defendant's appearance is parallel to that of the state) is deprived by unnecessary delays of any reasonable opportunity to locate and surrender the defendant.
In order to obtain a judgment of bond forfeiture against a surety the state must comply strictly with the terms of the statute regulating bond forfeitures. The delay in this case of 14 months between the district attorney's motion to forfeit the bond and the court's entry of the judgment decreeing the forfeiture violated the express terms of R.S. 15:85 A and defeated the statutory scheme of "prompt notice" to the surety in order to enhance the possibility that the surety will locate and surrender the defendant. Because of the failure to comply with R.S. 15:85 A the judgment forfeiting the bond must be set aside.
We therefore reverse the judgment of the trial court and enter judgment (1) setting aside the August 15, 1979 judgment of bond forfeiture and (2) releasing Rockwood Insurance Company from all obligations under the bond.
REVERSED AND RENDERED.
WATSON, J., concurs and assigns reasons.
*844 WATSON, Justice, concurring.
I agree with the result reached by the majority, but for a different reason. The record does not reflect that either the defendant or the surety was served with a notice for defendant to appear for trial, as required by LSA-R.S. 15:85. Therefore, all of the proceedings to forfeit the bond are invalid.
I respectfully concur.
NOTES
[1] In State v. Ledener, 253 La. 915, 221 So.2d 47 (1969) this court noted that the statutory requirement of judgment of forfeiture entered forthwith means entry "immediately or without delay".