691 So.2d 1370 (1997)
STATE of Louisiana, Appellee,
v.
Nathaniel JONES aka Randy Parks and National American Insurance Company, Surety, Appellants.
No. 29365-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
Order Clarifying Decision on Rehearing May 1, 1997.
Michael D. Singletary, Lafayette, for Appellant National American Insurance Company.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Earl Cox, Assistant District Attorney, for Appellees.
Before NORRIS, WILLIAMS and GASKINS, JJ.
Before NORRIS, HIGHTOWER, WILLIAMS, GASKINS and PEATROSS JJ.
WILLIAMS, Judge.
A commercial surety company, National American Insurance Company ("National"), appeals a judgment in favor of the plaintiff, the state of Louisiana, rejecting the surety's petition to nullify a judgment of bond forfeiture rendered when the defendant, Nathaniel Jones, failed to appear for trial. For the *1371 reasons assigned herein, we affirm the trial court's judgment.

FACTS
In September of 1993, National placed a bail bond into these proceedings to obtain the release of Nathaniel Jones a/k/a Randy Parks, from incarceration. The bond set an initial appearance date of October 18, 1993. When Jones failed to appear on that date, the trial court issued a bench warrant and ordered forfeiture of National's bond, as well as the bond of Jones' other commercial surety, Ranger Insurance Company. Jones appeared in court the next day, October 19, 1993, and the trial court set aside the oral judgment of bond forfeiture. National's bondsman agreed to allow Jones' bond to remain in effect. Thus, the trial court rendered no written judgment of bond forfeiture. A new appearance date of November 15, 1993 was set at that time.
Jones again failed to appear on November 15, 1993, and was "called on bond," but the state specifically declined to move for a judgment of bond forfeiture, and the court did not issue a bench warrant for the defendant's arrest.[1] Jones appeared in court on November 17, 1993, and was released with instructions to return to court on January 4, 1994. No judgment of bond forfeiture was rendered at this time.
Jones appeared in court as ordered on January 4, 1994, and was instructed to return for trial on March 1, 1994. However, Jones failed to appear on March 1, 1994, and the court ordered National's bond forfeited. A written judgment of bond forfeiture was signed on March 9, 1994.
On February 27, 1996, National filed a petition for nullity of the bond forfeiture judgment and a motion for discharge and release of surety. National's pleading recited the facts set forth above and asserted that it was notified of the "third judgment of bond forfeiture" on March 22, 1994, but was never notified of the bond forfeitures of October 18, 1993 and November 15, 1993. It asserted that it was entitled to such notice under the provisions of LSA-R.S. 15:85(3), and that the failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear released National of its obligations under the bond. National stated that it never concurred in the reinstatement of the bond on October 19, 1993, nor on November 17, 1993. Additionally, National asserted that under the provisions of LSA-R.S. 15:85(10), the subsequent appearances of the defendant, Jones, operated as a satisfaction of the judgment and relieved National of its obligations under the bond. Attached to National's pleading was an affidavit of the bondsman, stating in pertinent part that the bondsman was not present in court on either October 19, 1993, or November 17, 1993, and that the bondsman never concurred in the reinstatement of a bail bond in the proceedings.
In response to National's pleading, the state argued that National's nullity action came too late because it was not filed within the sixty day period following postforfeiture notice. The state's response admitted most of the factual allegations of National's pleading, while denying the legal conclusions. Contrary to the bondsman's affidavit, the state asserted that the bond was maintained with the agreement of the bondsman on October 19, 1993. The state asserted that no bond forfeiture judgment ever was signed with respect to the defendant's failure to appear on October 18, 1993, because the order for bond forfeiture was rescinded the next day with the concurrence of the bondsman; thus, notice to the surety never became necessary under LSA-R.S. 15:85(3). With respect to the defendant's failure to appear on November 15, 1993, the state again asserted that no bond forfeiture judgment was signed so that there was no occasion to send postforfeiture notices. In the state's view, the only bond forfeiture judgment rendered in this case was the one rendered in connection with the defendant's failure to appear on March 1, 1994.
*1372 After a hearing, the trial court issued a ruling not only on National's petition to nullify the bond forfeiture judgment and release it as surety, but also on a virtually identical petition filed by Ranger Insurance Company, Jones' other surety. The trial court denied both petitions for nullity.
First, the trial court ruled that because no written judgment of forfeiture was signed for either of the first two non-appearances, no notice of non-appearance needed to be sent to the surety because "there was nothing to give the surety notice of." The trial court viewed the state's failure to present a forfeiture judgment for the court's signature as an exercise of the state's discretion not to pursue the forfeiture.
The second argument addressed by the trial court concerned whether the defendant's appearances on November 17, 1993, and January 4, 1994, released National prior to the defendant's non-appearance on March 1, 1994. On this issue, the trial court ruled that National was not relieved of its duty under the bond to assure Jones' further appearance at associated criminal proceedings because the surety had never formally surrendered Jones. National appealed. At the time of the appeal, the trial court had not rendered a separate, signed final judgment denying National's petition. It later did so pursuant to an order of this court. State of Louisiana v. Nathaniel Jones aka Randy Parks, 29,365 (La.App. 2d Cir. 9/26/96). National's appeal now is properly before us.

DISCUSSION
National contends the trial court erred by failing to nullify the March 9, 1994 bond forfeiture judgment and failing to discharge National of its obligations under the bond. National contends the bond forfeiture judgment was a nullity because as surety, it had been relieved of all its obligations under the bond; thus, there was no evidence of a valid bond obligation upon which an enforceable judgment of bond forfeiture could be based.
In support of its contentions, National advances several arguments. First, National argues that it was relieved of its obligations under the bond when the trial court failed to sign a written judgment of bond forfeiture and mail notice of judgment to National following the defendant's failure to appear in court on October 18, 1993. National argues that once the trial court orally ordered a judgment of bond forfeiture, it was required to sign a written judgment of the same and send notice of that judgment within sixty days of the signing under LSA-R.S. 15:85(2) and (3). Therefore, the trial court's failure to follow these procedures resulted in the release of National from its obligations under the bond, pursuant to LSA-R.S. 15:85(3). This argument is meritless.
Under the provisions of LSA-R.S. 15:85(3)(C), the failure to mail proper notice of the signing of a forfeiture judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond. Under the provisions of LSA-R.S. 15:85(10) a bond forfeiture judgment shall at any time, within six months after mailing of the notice of the signing of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. In the present case, the defendant appeared the day after the bond forfeiture judgment was orally rendered before the judgment was signed. Under LSA-R.S. 15:85(10), the trial court was required to set the forfeiture judgment aside. A judgment that has been set aside is a judgment that never existed. Thus, it was not necessary for the trial court to notify National of a judgment that already was set aside.[2]
National next argues that Jones' subsequent appearances in court operated to release it from its bond obligation under the language of LSA-R.S. 15:85(10) which states in pertinent part:
Any judgment forfeiting the appearance bond rendered according to this Section *1373 shall at any time, within six months, after the mailing of notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant. The appearance of the defendant shall operate as a satisfaction of the judgment and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond.
National's argument in favor of its release from its obligations under the bond is directly contrary to this court's opinion in State v. Reed, 27,868 (La.App. 2d Cir. 1/24/96), 667 So.2d 586; writ denied, 672 So.2d 907 (La. 4/26/96). We also note that National was the commercial surety in State v. Reed, supra making essentially the same argument there that it makes here. Without restating the entire argument and analysis, we reaffirm our holding in State v. Reed, supra that while a defendant's presence in court serves to automatically set aside an initial bond forfeiture judgment, absent formal surrender, the defendant's presence does not relieve the surety of its duty under the bond to assure the defendant's further appearance at associated criminal proceedings. Under the provisions of LSA-R.S. 15:85(10) a defendant's appearance merely operates to satisfy the judgment, while the defendant's surrender not only satisfies the judgment, but also relieves the surety of any and all obligations under the bond. Thus, because Jones was never surrendered, his appearances herein did not release National from its bond obligations.
Finally, in brief, National raised the issue of whether the commercial surety or its agent who posted the bond should have been sent preforfeiture notice pursuant to LSA-C.Cr.P. Art. 344. Our review of the record herein reveals no instances, either in written pleadings or memoranda, or in oral argument before the trial court, in which National argued that the bond forfeiture judgment should be nullified because the state failed to introduce evidence of proper preforfeiture notice. Appellate courts are only required to review those issues raised in the trial court. U.R.C.A. Rule 1-3. We further observe that in the instant case, National listed the issue of preforfeiture notice as an assignment of error, but then failed to brief the issue. Under the provisions of Rule 2-12.4 of the Uniform Rules for Louisiana Courts of Appeal, all specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment or error which has not been briefed. Considering that the record does not reveal that National ever placed this issue before the trial court and that the issue was not briefed on appeal, we decline to review it here.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed at National American Insurance Company's cost.
AFFIRMED.

ON REHEARING
We hereby grant the state of Louisiana's application for rehearing for the limited purpose of amending the assessment of costs and for a clarification.
The trial court's judgment herein refused to nullify bond forfeitures against sureties, National American Insurance Company and Ranger Insurance Company, both of whom were sureties for Nathaniel Jones herein and both of whom have been represented by the same attorney, not only in the trial court, but also on appeal. The sureties are both appellants in this matter, presenting exactly the same issues for review via a single brief. However, the language of our original opinion only addresses National American Insurance specifically, and affirms the trial court's judgment at National American's costs. Thus, the state has requested we consider amending our decision to cover both sureties.
Because our judgment merely affirms the judgment of the trial court, and the trial court's judgment, in turn covers both sureties/appellants, our judgment likewise covers both. Nevertheless, our original opinion is hereby amended to divide the costs equally *1374 between the appellants, and in so doing, to clarify the opinion.
NOTES
[1] The defendant had forwarded documentation to the trial court indicating that he would be unable to appear as scheduled on November 15th, because of a conflict with a prior trial date in Birmingham, Alabama.
[2] National also argues that its bondsman's alleged concurrence in allowing the defendant's bond to remain in effect on October 19, 1993 was unauthorized and thus, ineffectual. However, because the October 18, 1993 judgment of bond forfeiture was set aside thus returning the defendant and National to their original status, the bondsman's concurrence is irrelevant. See State v. Wheeler, 499 So.2d 1275 (La.App. 4th Cir.1986); affirmed, 508 So.2d 1384 (La.1987).