JiHIGHTOWER, Judge.
A commercial surety company, maintaining that an alleged untimely notice of judgment extinguished its obligations under a criminal appearance bond, appeals a district court decision refusing to nullify and set aside a forfeiture judgment. We affirm.
Facts & Procedural History
On December 14, 1995, Jose Anaya and appellant, Frontier Insurance Company (acting through its agent and bondsman, A & J Bail Bondsj, entered into a bail bond contract securing Anaya’s release from jail pending sentencing. The executed document indicated that the criminal defendant should next appear in court on February 6, 1996. When Anaya failed to come forth on that date, the state moved to call him on bond. Accordingly, the trial judge orally ordered the bond forfeited and issued a bench warrant for the offender’s arrest. Even so, the court did not prepare or sign a written judgment in connection with that nonappearance.
On February 12, however, the criminal defendant arrived in court to have his sentencing rescheduled for April 1. Also, at that time, the trial judge set aside the previously-ordered bond forfeiture, recalled the bench warrant, and reinstated the original bond upon the written concurrence of the bondsman. Anaya thereafter, on April 1, again failed to appear. The trial court then issued a warrant for his arrest, directed that the bond be forfeited, and signed, on April 16, a written judgment in that regard. The clerk of court, on April 19, mailed the requisite notices to the surety, the bondsman, and Anaya.
Six months later, contending that its notice arrived too late under the provisions of La. R.S. 15:85(3)(c), Frontier filed a petition to nullify the earlier judgment of bond forfeiture. After a hearing on the matter, the district court rejected the surety’s request. This appeal ensued.

Discussion

Regarding the procedure for sending notice of a judgment of bond forfeiture to the bondsman and the commercial surety, La. R.S. 15:85(3)(c) provides that the clerk of court’s failure to mail notice of the signing of the judgment within sixty days of the defendant’s nonappearance shall release the surety from any and all obligations under the |2bond. Appellant contends that this sixty-day delay began to run on February 6, when Anaya first did not attend a scheduled court date. We disagree. As per the language of the statute, the requisite notices must be sent within sixty days of the nonappearance date for which a judgment of bond forfeiture is ultimately rendered.
Although the district judge orally ordered that the bond be forfeited on February 6, the court later set aside that judgment in accordance with La. R.S. 15:85(10) when Anaya appeared on February 12. A judg *1160 ment set aside is a judgment that never existed; and, it is not necessary for the lower court to notify the surety of such a judgment. State v. Jones, 29,365 (La.App.2d Cir. 04/02/97), 691 So.2d 1370. Moreover, while a criminal defendant’s appearance fully satisfies and acts to set aside a previously-rendered bond forfeiture judgment, such an appearance does not relieve the surety of its obligations under the bond. State v. Reed, 27,868 (La.App.2d Cir. 01/24/96), 667 So.2d 586, writ denied, 96-0724 (La.04/26/96), 672 So.2d 907.[1] The setting aside of a judgment of bond forfeiture places the defendant and the surety in the same positions they occupied before the forfeiture. State v. Wheeler, 508 So.2d 1384 (La.1987); State v. Jones, supra. Beyond that, a sixty-day period for notice of Anaya’s nonappearance on February 6 would have begun to run only if a signed and executable bond forfeiture judgment had resulted from that nonappearance. Cf. State v. Breaux, 94-1562 (La.App. 3d Cir. 05/31/95), 657 So.2d 371.
Appellant additionally argues that its bondsman possessed neither actual nor apparent authority to concur in the reinstatement of the bond on February 12. But, inasmuch as Frontier remained obligated under its bond as a consequence of Anaya’s appearance on February 12, the agent’s consent obviously remained unnecessary and irrelevant. See State v. Jones, supra.
| %Conclusion
Accordingly, the judgment below is AFFIRMED at appellant’s costs.

. House Bill 2406, introduced on April 28, 1997, attempted to change La. R.S. 15:85(10) to provide that a surrender or even an appearance would relieve the surety of all further obligations under its bond. The House Committee on the Administration of Criminal Justice, however, declined to pursue the bill. Thus, no legislation has overruled State v. Reed, supra.