917 So.2d 769 (2005)
STATE of Louisiana, Plaintiff-Appellee,
v.
Darnell Antonio MURPHY, Louisiana Bail Bonds and International Fidelity Insurance Co., Defendants-Appellants.
No. 40,485-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
Donald Weathersby, II, for Appellants Louisiana Bail Bonds & International Fidelity Insurance Co.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
GASKINS, J.
The defendants, Louisiana Bail Bonds (Louisiana) and International Fidelity Insurance Company (International), appeal a trial court judgment dismissing their motion to set aside a bond forfeiture judgment. For the following reasons, we affirm.

FACTS
Darnell Antonio Murphy was charged with two counts of cruelty to a juvenile. International, acting through its agent, Louisiana, placed two appearance bonds on Murphy's behalf totaling $20,000. A jury trial was scheduled for August 9, 2004; Murphy failed to appear. The court ordered the bond forfeited and issued a bench warrant for Murphy's arrest. No judgment of bond forfeiture was ever signed. The court minutes show that on January 12, 2005, the order of bond forfeiture was set aside and the bench warrant was recalled.
Murphy was notified to appear on February 2, 2005; he did not appear. The court again ordered the bond forfeited and a bench warrant issued. However, this time a written judgment of bond forfeiture was signed on March 9, 2005. Notice of the bond forfeiture was sent to Louisiana *770 and International on March 21, 2005. In April 2005, International and Louisiana filed a motion to set aside the judgment. The motion was rejected by the trial court and the defendants appealed.

DISCUSSION
On appeal, Louisiana and International argue that the prosecution had 60 days from Murphy's first failure to appear, which occurred on August 9, 2004, to provide notice of judgment. Because no notice was provided within that time frame, the defendants claim that they are entitled to be released of any and all obligations arising from the bonds. They contend that the trial court erred in denying their motion to set aside the bond forfeiture judgment. This argument is without merit.
The provisions for bond forfeiture are contained in La. R.S. 15:85, which states in pertinent part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture....
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
In support of their claim that the prosecution was required to provide notice within 60 days of the first failure to appear, the defendants cite State v. DeLaRose, 391 So.2d 842 (La.1980). However, this case is not factually similar to the present case and La. R.S. 15:85 has been amended since that case was decided.
In DeLaRose, there was a 14-month delay between the defendant's failure to appear and the bond forfeiture judgment. At that time, La. R.S. 15:85 provided that when a person whose appearance was secured by a bond failed to appear and answer when called, the judge, on motion of the district attorney, and after hearing proper evidence, would "forthwith enter a judgment decreeing the forfeiture of the bond." If the clerk of court failed to mail notice of the forfeiture within 60 days after the entry of the forfeiture judgment, the surety would be released from all obligations under the bond.
The Louisiana Supreme Court stated in DeLaRose that the requirement that the judge "forthwith" enter a judgment decreeing the forfeiture expressed a legislative *771 intent for immediate action while the probability of locating the defendant was greater. Furthermore, the entry of the judgment triggered the additional requirement of prompt notice of forfeiture to the surety, thereby emphasizing the legislative scheme for judicial action without delay and for the surety's prompt receipt of knowledge that the principal did not appear. Noting that the prosecution must comply strictly with the terms of the statute regulating bond forfeitures in order to obtain a judgment of bond forfeiture against a surety, and noting the 14-month delay between the district attorney's motion to forfeit the bond and the court's entry of judgment decreeing the forfeiture, the supreme court found a violation of the express terms of the statute. It ruled that the judgment forfeiting the bond must be set aside.
Since the decision in DeLaRose, La. R.S. 15:85 has been amended to change the bond forfeiture procedure. First, instead of a requirement that the trial court "forthwith enter a judgment decreeing forfeiture of the bond" following a nonappearance, the law now requires the court to issue a bench warrant for the arrest of the person failing to appear, and to order a judgment decreeing forfeiture; the court is mandated to then sign a written judgment of bond forfeiture, and the clerk of court is to promptly mail notice of the signing of the judgment to the surety. Within 60 days after the defendant's failure to appear, the notice of the signed judgment must be mailed, or the surety will be released.
These changes in procedure were in effect and prompted a different result from DeLaRose when we rendered our opinion in State v. Anaya, 29,843 (La.App.2d Cir.9/24/97), 699 So.2d 1158. In that case, the defendant failed to come forth on his appearance date. The prosecution moved to call him on his bond. The trial court orally ordered the bond forfeited and a bench warrant issued; however, the court did not sign a written judgment. Approximately a week later, when the criminal defendant arrived in court to have his sentencing rescheduled, the trial court set aside the previously-ordered bond forfeiture, recalled the bench warrant, and reinstated the original bond. When the defendant again failed to appear on April 1, 1996, the court issued a new bench warrant and directed forfeiture. The court also subsequently signed a written judgment, notice of which was mailed to the surety, the bondsman, and the defendant. The surety then sought to nullify the judgment of bond forfeiture, arguing that the clerk of court's failure to mail notice of the signing of the judgment within 60 days of the defendant's first failure to appear released the surety from its obligations under the bond. We disagreed.
In rejecting the appellant's argument, we noted in Anaya that the language of the statute required notice to be sent within 60 days of the nonappearance date for which a written judgment of bond forfeiture is ultimately rendered. Although the district court orally ordered the bond to be forfeited after the first failure to appear, the court later set that judgment aside. We noted that a judgment set aside is a judgment that never existed and it was not necessary for the lower court to notify the surety of such a judgment. Furthermore, we stated that the 60-day period for notice of the first nonappearance would have begun to run only if a signed and executable bond forfeiture judgment had been entered. See also State v. Jones, 29,365 (La.App.2d Cir.4/2/97), 691 So.2d 1370; State v. Breaux, 94-1562 (La.App. 3d Cir.5/31/95), 657 So.2d 371.
Even though appearance bonds arise from criminal proceedings, the obligations *772 under the bonds are civil in nature, and judgments concerning the rights of the bondsman and sureties are civil judgments. This is shown by the provisions of La. R.S. 15:85(6) which give a defendant and his sureties the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture, and which state that all appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture. Under the provisions of La. C.C.P. art.1911, except as otherwise provided by law, every final judgment shall be signed by the judge, and no appeal may be taken from a final judgment until the signing requirement of that article has been fulfilled. In keeping with this requirement, current forfeiture procedure requires forfeiture judgments to be signed before they are effective as final judgments. Accordingly, under the express terms of the statute, the clerk of court is not required to send any notice unless a forfeiture judgment is signed. Because the initial failure to appear herein did not result in a signed forfeiture judgment, there was no failure to mail notice. Under the current legal procedures for forfeiture, the defendants were not prejudiced in any way.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed at appellants' cost.
AFFIRMED.