917 So.2d 719 (2005)
STATE of Louisiana, Plaintiff-Appellee,
v.
Damion Jovan WILSON, Louisiana Bail Bonds and International Fidelity Insurance Company, Defendants-Appellants.
No. 40,429-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
John M. Lawrence, for Appellee.
Donald Weathersby, II, for Appellants.
Before WILLIAMS, DREW and LOLLEY, JJ.
LOLLEY, J.
This appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. Louisiana Bail Bonds, Inc. ("Louisiana Bail Bonds") and International Fidelity Insurance Co. ("International") appeal a judgment denying a motion to set aside a bond forfeiture judgment. For the reasons assigned, we reverse.

FACTS
On November 4, 2000, Damion Jovan Wilson was arrested in Bossier Parish, Louisiana on charges of theft. He posted bail in the amount of $500.00 and was released. On that same day, an appearance *720 bond was issued naming Wilson as principal and International as the surety; Louisiana Bail Bonds was noted to be the agent of International and was also referred to as "Security." The appearance bond stated that Wilson and Louisiana Bail Bonds were "held and firmly bound unto the Mayor of the City of Bossier City, State of Louisiana...." The appearance bond stated that a charge of theft had been made against Wilson by Bossier City and that the bond would be null and void if Wilson made his personal appearance "at the City Court, from day to day, to answer the charges exhibited against him...." The arraignment date indicated on the appearance was December 11, 2000, and the Power of Attorney number was referenced on the bond.
The Power of Attorney referenced in the appearance bond essentially stated that International appointed Doug Efferson (a bondsman for Louisiana) as its attorney-in-fact for purposes of executing the appearance bond.
The Power of Attorney referenced the appearance bond in the amount of $500.00 for defendant Wilson, noting the appearance date of December 11, 2000, in Bossier City for the charged offense of theft. The Power of Attorney, like the appearance bond itself, was dated November 11, 2000, and included the following pertinent language.
NOT TRANSFERABLE TO ANOTHER COURT EVEN IF BOTH HAVE VENUE. EXCEPTION: C. CR. P. ART. 626.
On December 7, 2000, the Bossier Sheriff's Department sent a letter to Wilson informing him to appear in the Twenty-Sixth Judicial District Court on January 17, 2001, for the purpose of arraignment on the charge of theft; the letter also indicated that Wilson should disregard the notice to appear in Bossier City Court. Wilson failed to appear in district court on January 17, 2001, and on that date the trial court ordered the bond to be forfeited and a bench warrant issued. Subsequently, on March 7, 2001, the trial court signed a judgment of bond forfeiture, and, on July 19, 2001, International and Louisiana Bail Bonds filed a rule to show cause to set aside the bond forfeiture judgment.
On November 12, 2004, International and Louisiana Bail Bonds filed another rule to show cause to set aside the bond forfeiture judgment. The rule alleged that the bond forfeiture hearing on the prior judgment was undertaken and that the bond forfeiture was recalled and set aside in favor of International and Louisiana Bail Bonds. The rule further stated that the bond erroneously was replaced on March 27, 2002, after International and Louisiana Bail Bonds had been released, and that there was no bond to forfeit at that time. Thus, International and Louisiana Bail Bonds moved for a rule to show cause why the State of Louisiana should not release International and Louisiana Bail Bonds and discharge them from their obligation under the bond. The State's answer to the rule denied the allegations concerning the bond forfeiture being recalled and the bond being replaced in error; these allegations were denied "for lack of information to justify belief therein." Finally, the State's answer noted the above-quoted language concerning non-transferability, but asserted that the exception found in La. C. Cr. P. art. 626 applied so that the surety's obligation on the bond was the same as if the prosecution had been instituted in Bossier City Court.
On March 21, 2005, the trial court rendered a written opinion. The court's opinion noted that the initial rule to set aside the forfeiture was made returnable on August 6, 2001, but that no minute entry was made on that date; the opinion further *721 stated that the district attorney filed an answer in September 2001, but the matter was never set for hearing. After noting that identical pleadings were filed on November 12, 2004, and that "defendant was arrested in Bossier City Court and language in his bond stated that his bond would not be transferable to another court," the trial court concluded that the language prohibiting transfer was contrary to the express terms of La. C. Cr. P. art. 626 and should be written out of the bond as being against public policy. Accordingly, the trial court refused to set aside the bond forfeiture judgment. A written judgment upholding the bond forfeiture judgment was signed on April 13, 2005, and this appeal ensued.

DISCUSSION
On appeal, International and Louisiana Bail Bonds contend the trial court erred in denying their motion to set aside the bond forfeiture judgment. We agree.
The general rule is that bond forfeitures are not favored. State v. DeLaRose, 391 So.2d 842 (La.1980); Bankers Ins. v. State, 37,080 (La.2d Cir.04/11/03); 843 So.2d 641; State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990). A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules set forth in the Code of Criminal Procedure. State v. Likens, 577 So.2d 285 (La.App. 3d Cir.1991), writ denied, 580 So.2d 386 (La.1991). In order to obtain a judgment of bond forfeiture against a surety, the state must comply strictly with the terms of the statutory provisions regulating bond forfeitures. State v. DeLaRose, supra; State v. Hathaway, 403 So.2d 737 (La.1981); State v. Bailey, supra; Bankers Ins. v. State, supra.
Appellants contend the trial court erred when it declared that the non-transferability language is contrary to La. C. Cr. P. art. 626, because that article concerns a defendant who has furnished bail prior to a change of venue. That article states:
If a defendant has furnished bail prior to a change of venue, his obligation and that of the surety on his bond shall be as if the prosecution had been instituted in the court to which the case is transferred.
Appellants argue that the non-transferability language recognizes that when a change of venue is ordered, the obligation of the defendant and his surety shall remain the same under the bond, and they contend that no change of venue was ordered in the instant case so that La. C. Cr. P. art. 626 has no application. Appellants also maintain that the state must strictly comply with the statutes governing bond forfeiture. State v. DeLaRose, supra.
In response, the State argues that the non-transferability language does not appear on the bond itself, but in the Power of Attorney, which according to the State, is a contract solely between the bondsman and the insurance company. The State further argues that even if the non-transferability language were on the bond, the language is "confusing, vague and ambiguous."
With respect to change of venue, the State argues that no change of venue hearing was required because the Twenty-Sixth Judicial District Court of Bossier Parish includes in its venue the City Court of Bossier City so that a change of venue hearing would be an unnecessary and frivolous waste of the court's time.
Finally, the State notes that under the provisions of La. C. Cr. P. art. 327(B), a person shall not be discharged from his bail undertaking because of any defect in form, omission of a recital, or omission of a condition of the undertaking by reason of a failure to note or record the default of any defendant or surety; or because of any other irregularity. The State then argues *722 that the appellants showed no authority to modify or add to the Power of Attorney after it had been issued by International, and that the appellants should not be discharged from their bail undertaking because "of irregularity of the language of the Power of Attorney added by defendants."
Initially, we observe that the appearance bond itself plainly states that the surety is bound to the Mayor of Bossier City, that the theft charge was made against Wilson by Bossier City, and that Wilson was required to make his personal appearance at the City Court.
The State's curious reliance upon the provisions of La. C. Cr. P. arts. 621 and 626 and the trial court's granting of the State's requested relief, has no basis which can be found in statute or jurisprudence. Louisiana C. Cr. P. arts. 621 through 627 specifically outline the necessary procedures for transferring the venue of a criminal case. In the matter presently before us, there was no compliance with any of the required procedures.
Notwithstanding the fact that Bossier City falls within the jurisdiction of the Twenty-Sixth Judicial District Court, the State cites no authority, nor are we aware of any authority, that allows the State to unilaterally transfer bond obligation from one court to another without following the statutory provisions found in La. C. Cr. P. art. 621. That article states that a motion for a change of venue may be filed by either the State or the defendant, that the motion shall be in writing, and that a contradictory hearing shall be held upon the motion. Accordingly, the fact that the state did not adhere to the formal change of venue process leads to the conclusion that the surety's obligation on the bond was not properly transferred under La. C. Cr. P. art. 626. The appearance bond plainly was limited to insure that Wilson would appear in Bossier City Court; therefore, the surety was not obligated for Wilson's failure to appear in the Twenty-Sixth Judicial District Court.
Additionally, the State's argument that the non-transferability language appears only on the Power of Attorney and not on the bond itself lacks merit. The challenged non-transferability language is not confusing, vague and ambiguous as alleged. A mere cursory reading of the applicable provisions of Title 22 of the Louisiana Revised Statutes clearly shows that the power of attorney is a critical and mandated portion of the bail bonding agreement. It is to be viewed and read as part of the total bail bond agreement. Hence, we find the assignment of error raised by International and Louisiana Bail Bonds has merit.

CONCLUSION
For the reasons assigned, the judgment of the trial court denying appellants' motion to set aside the bond forfeiture judgment is reversed, and the bond forfeiture judgment rendered on March 21, 2005, is set aside.
REVERSED AND RENDERED.