930 So.2d 1113 (2006)
LOUISIANA BAIL BONDS, INC. and International Fidelity Insurance Company (Surety for Debra Lynn Mathis) PA# 1W-39462, Plaintiff-Appellant
v.
STATE of Louisiana, Defendant-Appellee.
No. 41,091-CA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2006.
*1114 Donald Weathersby, II, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Assistant District Attorney, for Appellee.
Before WILLIAMS, PEATROSS and MOORE, JJ.
WILLIAMS, Judge.
In this bond forfeiture case, the plaintiffs, Louisiana Bail Bonds, Inc. and International Fidelity Insurance Company, appeal a judgment in favor of the defendant, State of Louisiana. The trial court dismissed the plaintiffs' petition to annul the judgment of bond forfeiture. For the following reasons, we affirm.

DISCUSSION
In October 2003, Louisiana Bail Bonds, Inc. and International Fidelity Insurance Company placed a bond on behalf of Debra Lynn Mathis, who subsequently failed to appear for her December 8, 2003 court date. Upon the state's motion, the court issued a bench warrant and ordered a bond forfeiture; however, no judgment of bond forfeiture was signed, and no notice of judgment was mailed to the surety. On May 17, 2004, the court recalled the bench warrant and set aside the bond forfeiture. Subsequently, Mathis again failed to appear in court as ordered on May 26, 2004, and upon the district attorney's motion the court issued a bench warrant and ordered a bond forfeiture. A judgment of bond forfeiture was signed on June 23, 2004, and notice was mailed to the surety on June 29, 2004.
In February 2005, the plaintiffs, Louisiana Bail Bonds, Inc. and International Fidelity Insurance Company, filed a petition to annul the judgment of bond forfeiture. Following a trial, the district court denied the petition to annul the judgment, and this appeal followed.
The plaintiffs contend the trial court erred in refusing to annul the judgment of bond forfeiture. Plaintiffs argue that they were released from all obligations under the bond because the state did not mail notice of judgment within 60 days of the accused's failure to appear on December 8, 2003.
LSA-R.S. 15:85 states in pertinent part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the *1115 arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. . . .
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.
In support of their position that the prosecution was required to provide notice within 60 days of the first failure to appear, plaintiffs cite State v. Rotramel, 95-1074 (La.App. 3rd Cir.1/31/96), 670 So.2d 378. In that case, Rotramel failed to appear as ordered and several days later the state moved to forfeit the bond. After a hearing, the court issued an arrest warrant, ordered the bond forfeited and subsequently signed a judgment of bond forfeiture. Plaintiffs rely on the court's language summarizing the statute as providing that the failure of the clerk "to mail the proper notice to the parties within 60 days after the defendant's failure to appear releases the surety of its obligation under the bond agreement."
However, LSA-R.S. 15:85 requires that the "proper notice" to be mailed is "notice of the signing of the judgment of bond forfeiture." Thus, as this court noted in State v. Murphy, 40,485 (La.App. 2d Cir.12/14/05), 917 So.2d 769, the language of the statute requires notice to be mailed within 60 days of the nonappearance date for which a written judgment of bond forfeiture is ultimately rendered. The Murphy case involves a similar factual situation to the present case in that the accused failed to appear, the court issued a bench warrant and ordered the bond forfeited, but no written forfeiture judgment was ever signed and approximately five months later, the bond forfeiture order was set aside. When Murphy failed to appear a second time, the court ordered the bond forfeited, signed a written judgment of bond forfeiture and timely notice was mailed to the surety.
In Murphy, supra, this court stated that although the district court orally ordered the bond to be forfeited after the first failure to appear, the court later set that judgment aside, and since a judgment set aside is a judgment that never existed, the district court was not required to notify the surety of such a judgment. Furthermore, we stated that the 60-day period for notice of the first nonappearance would have begun to run only if a signed and executable bond forfeiture judgment had been entered. See also State v. Anaya, 29,843 (La.App. 2d Cir.9/24/97), 699 So.2d 1158; State v. Jones, 29,365 (La.App. 2d Cir.4/2/97), 691 So.2d 1370.
Consequently, pursuant to the express terms of the statute, the clerk of court in this case was not required to mail any notice to plaintiffs until a forfeiture judgment was signed. Because the initial failure to appear herein did not result in a signed forfeiture judgment, there was no failure to mail notice and plaintiffs were not relieved of their obligations under the bond agreement. Thus, the district court did not err in refusing to annul the bond *1116 forfeiture judgment. The assignments of error lack merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellants, Louisiana Bail Bonds, Inc. and International Fidelity Insurance Company.
AFFIRMED.