977 So.2d 154 (2008)
STATE of Louisiana
v.
Tyrie WILLIAMS.
No. 07-CA-648.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
William Noland, Attorney at Law, Brandon, MS, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This is a bail bond forfeiture proceeding in which the commercial surety Safety National Casualty Corporation (Safety) filed a devolutive appeal from a March 19, 2007 judgment denying its motion to set aside and nullify the judgment of bond forfeiture. For the reasons assigned, we reverse.
Facts
On August 7, 2006, defendant was charged by Bill of Information with one count of possession of cocaine in excess of 28 grams, a violation of La.R.S. 40:967 F; and, two counts of aggravated criminal damage, violations of La.R.S. 14:55.
Three months later, on November 7, 2006, defendant and his counsel appeared in court for a motion hearing. The hearing was continued as a status hearing and reset for November 28, 2006. Defendant was remanded to the Jefferson Parish Prison. Oral notice was given to the defendant of the November 28, 2006 hearing. Defendant was also personally served with notice.
Seven days before the hearingNovember 21, 2006Safety placed a bond on behalf of defendant.
On November 28, 2006, defendant did not appear. The trial judge issued an attachment and set a contempt hearing. *156 She increased the bond on the drug charge to a new bond of $250,000.
The clerk indicated that in another case, No. 05-3659, there was personal service on the surety and that bond could be forfeited. The state then introduced evidence and asked for that particular bond to be forfeited. The trial judge granted the forfeiture in the other case. She ordered that a rule be set for the surety to produce defendant in court on January 9, 2007.
On January 9, 2007, the court held the hearing for the surety to produce defendant. Defendant was not in court. Deputy Sherman testified he called defendant's name in the hall and got no response. The state introduced a copy of the bill of information, service information on all parties (including the bond company), a copy of the power of attorney, and asked that the bond be forfeited. The trial judge forfeited three bonds, including the Safety bond. The trial judge issued an attachment, set a contempt rule, and ordered that defendant be held without bond.
That same date, the trial judge rendered a judgment of bond forfeiture against Safety, the surety, and defendant, in the amount of $150,000. The clerk certified the judgment as mailed on February 5, 2007. On February 14, 2007, Safety filed a motion to set it aside.
Analysis
Bond forfeitures are not favored by law. State v. McLaurin, 05-857 (La. App. 5 Cir. 3/28/06), 927 So.2d 570, 573 (citations omitted). The state must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. Id. La.R.S. 15:85 sets forth the statutory procedure.
La.R.S. 15:85 provides that "[a]ll bonds taken to secure the appearance of any person before any court . . . shall be forfeited and collected" according to legislatively mandated forfeiture procedures. R.S. 15:85(1) authorizes the trial judge to render judgment decreeing the forfeiture of the bond under the following conditions:
If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
"Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture." R.S. 15:95(2). Then, "[a]fter entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture." R.S. 15:85(3)(a). "The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to . . . defendant . . . [and] the commercial sureties[.]" R.S. 15:85(3)(a)(i) and (iv). "After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record." R.S. 15:85(3)(b). The "[f]ailure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond." R.S. 15:85(3)(c).
Thus, the statute requires the clerk to "promptly mail notice of the signing of the judgment." But the statute also requires *157 that the clerk mail notice of the signing of the judgment within 60 days after the defendant's failure to appear.
In this case, defendant failed to appear on November 28, 2006 and again on January 9, 2007. We must determine which date constitutes the non-appearance contemplated by R.S. 15:85 which triggers the 60-day period within which the clerk must mail notice of the bond forfeiture judgment. Stated differently, did the 60-day period commence on November 28, 2006 or January 9, 2007?
Safety argues that the period commenced on November 28, 2006 because this was the last court-required date for defendant's appearance.[1] On the other hand, the state argues that the operative date is the latter date.
We begin our analysis with State v. DeLaRose, 391 So.2d 842 (La.1980) where the Louisiana Supreme Court interpreted a former version of R.S. 15:85. At that time, R.S. 15:85(a) provided in pertinent part (emphasis added):
[i]f at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within sixty days after the entry of the forfeiture shall release the surety from all obligations under the bond.
See, DeLaRose, 391 So.2d at 843.
Currently, R.S. 15:85(1) pertinently provides (emphasis added):
If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence . . . shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond[.]
In DeLaRose, the court observed that the requirement of La.R.S. 15:85(A) that the judgment of forfeiture be entered "forthwith" showed a legislative intent for immediate action while the probability of locating the defendant was greater. There, the 14-month delay between the motion for forfeiture and the entry of the judgment of forfeiture defeated the statutory scheme for prompt notice to the surety to enhance the possibility that the surety would locate and surrender the defendant. The judgment of forfeiture was annulled. DeLaRose, 391 So.2d at 843.
We agree with the First Circuit that although R.S. 15:85 has been amended since DeLaRose, the intent of the statute has not changed. That is, "the purpose of LSA-R.S. 15:85 is to shield the surety from prejudice brought about by the delay *158 in learning of the defendant's failure to appear." State v. Gibson, 04-0591 (La. App. 1 Cir. 3/24/05), 907 So.2d 82, 85, 85, n. 3.
The parties rely on cases interpreting the current statute to support their respective positions. We recognize there is a split in the circuits regarding the predicate non-appearance date which triggers commencement of the 60-day delay.
The state relies on Louisiana Bail Bonds, Inc. v. State, 41,091 (La.App. 2 Cir. 5/17/06), 930 So.2d 1113. In Louisiana Bail Bonds, Inc., 930 So.2d at 1114-15, the Second Circuit held: "Because the initial failure to appear herein did not result in a signed forfeiture judgment, there was no failure to mail notice and plaintiffs were not relieved of their obligations under the bond agreement." Accord, State v. Murphy, 40,485 (La.App. 2 Cir. 12/14/05, 917 So.2d 769, writ denied, 06-0056 (La.4/17/06), 926 So.2d 520 (sixty-day period for notice of non-appearance began to run from date a signed and executable bond forfeiture judgment had been entered, rather than from date defendant first failed to appear for court). In reaching that result in Louisiana Bail Bonds, Inc., the Second Circuit considered that the statute expressly stated the clerk was only required to mail notice of the signing of the judgment. As such, the clerk was not required to mail any notice until a forfeiture judgment was signed. Louisiana Bail Bonds, Inc., 930 So.2d at 1116.
The state also relies on State v. Breaux, 94-1562 (La.App. 3 Cir. 5/31/95), 657 So.2d 371. In that case, the 60-day notice was sent within 60 days of the defendants' third and last failure to appear for trial. The bonding company argued the failure to send notice 60 days from the date the defendant first failed to appear for trial rendered the forfeiture invalid. The Third Circuit disagreed. It held that R.S. 15:85(3)(c) contains no requirement that the requisite notice of bond forfeiture be sent within 60 days of the defendants' first failure to appear. The notices must be sent within 60 days of the non-appearance date for which the state elects to move for forfeiture. Breaux, 657 So.2d at 372-74.
Eight months later the Third Circuit changed its position.
In State v. Rotramel, 95-1074 (La.App. 3 Cir. 1/31/96), 670 So.2d 378, 380 (a case upon which Safety relies), the court affirmed a judgment of bond forfeiture. There, the insurance company argued that the trial judge erred in failing to forfeit the bond immediately on May 17, 1994the date the defendant failed to appear for arraignment. In that case, the bond forfeiture hearing was held nine days later on May 26, 1994 with no notice to the parties. The trial judge rendered a judgment of bond forfeiture on June 1, 1994. On June 8, 1994, the clerk mailed notice of the judgment. Rotramel, 670 So.2d at 378. Rotramel noted that "[w]hile the prosecuting attorney has some discretion as to when he may move for a bond forfeiture, it is not without the limitations as prescribed in La.R.S. 15:85." Rotramel, 670 So.2d at 380. It held that the state has a 60-day window from the defendant's non-appearance to fulfill the requirements of the statute. Id. The court also noted that "there is no legislative mandate, nor jurisprudential authority that requires the state to move for a bond forfeiture at the time the defendant fails to appear." Id. The court concluded the procedure used in that case complied with the statute and due process. The state was not required to send notice to the defendant and his surety of the subsequent bond forfeiture hearing. In addition, the court observed that 22 days elapsed between the defendant's non-appearance and the mailing of the notice of judgment to the parties. Id.
*159 We agree with the Second Circuit in Louisiana Bail Bonds, Inc. that the clerk was not required to mail any notice until a forfeiture judgment was signed. We otherwise decline to adopt other views expressed in Louisiana Bail Bonds, Inc. We also agree with the more recent Third Circuit's view in Rotramel that the state has a 60-day window from the defendant's non-appearance to fulfill the requirements of the statute. As such, the 60-day period runs from the date of non-appearance rather than from the judgment of bond forfeiture. However, we otherwise decline to adopt the views expressed by the Third Circuit in Breaux.
Mindful of the statute's intent, we agree with the Fourth Circuit's approach in State v. Polk, 96-1785 (La.App. 4 Cir. 1/29/97), 688 So.2d 191, 192, 193, writ denied, 97-0889 (La.5/9/97), 693 So.2d 760. Polk bears a striking similarity to the present case. There, the court held that the statute contemplates a 60-day window from the date of the defendant's required court appearance. In that case, the defendant failed to appear for arraignment. As in this case, the state did not seek a judgment of bond forfeiture on that date. Instead, the state filed a motion to produce the defendant or forfeit bond. The show cause hearing was held a little over a month later but within the 60-day window from the date of the defendant's failure to appear for arraignment. However, the finalized judgment of bond forfeiture and the clerk's mailing of notice to the surety and agent occurred after the delay from the arraignment date had expired. The bonding agent argued on appeal that it should be released from its obligations because more than 60 days elapsed from the time Polk failed to appear for arraignment and when they were given notice of the bond forfeiture judgment. The court found that Polk's only required appearance was the arraignment and the notice of the show cause hearing did not comply with the requirement of R.S. 15:85(3)(c). The court also noted that the bond forfeiture hearing was not a continuance of the arraignment. Rather, it was a forfeiture procedure, and Polk's appearance was not required. Thus, the agent's surety was released from the bond obligations.
Upon review of the record, we find that the January hearing was not a continuation of the November 28, 2006 motion hearing. Instead, it was a hearing for the surety to produce defendant. Thus, as in Polk, it was in essence a bond forfeiture hearing.
It is axiomatic that, as the time period between entry of the forfeiture and the sending of notice thereof increases, the surety's chances of tracking down the defendant are progressively diminished. The statute requires the clerk to give prompt notice of the signing of the judgment in order to fulfill the statutory purpose of shielding the surety from prejudice brought about by the delay in learning of the defendant's failure to appear.
We hold that under the circumstances of this case, the clerk had a 60-day window from defendant's non-appearance for the November 28, 2006 motion hearing in which to mail notice to the surety. The January 9, 2007 date was only a show cause hearing for the surety to produce defendant. As in Polk, the show cause hearing did not comply with the requirement of R.S. 15:85(3)(c). Although the clerk was only required to mail notice of the signed January 9, 2007 judgment of bond forfeiture, the clerk was required under R.S. 15:85(3)(c) to do so promptly within 60 days of defendant's failure to appear on November 28, 2006. Here, 42 days of the period elapsed by January 9th. The clerk did not, however, mail notice until February 5, 2007nine days after *160 the period had expired. Thus, Safety was released from the bond obligation.
CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and the judgment of bond forfeiture is annulled.
REVERSED AND RENDERED.
NOTES
[1] Safety also complains that because the trial judge granted a judgment of bond forfeiture on November 28, 2006, the notice was untimely. Safety, however, is incorrect. On that date, the trial judge ordered another bond to be forfeited. It was not until January 9, 2007, that the trial judge rendered judgment ordering the Safety bond to be forfeited.