986 So.2d 802 (2008)
SAFETY NATIONAL CASUALTY CORPORATION, Plaintiff-Appellant
v.
STATE of Louisiana, Defendant-Appellee.
No. 43,361-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
Rehearing Denied August 7, 2008.
*804 Singletary & Associates, APLC, by Michael D. Singletary, Kathy L. Smith, for Appellant.
J. Schuyler Marvin, District Attorney, Graydon K. Kitchens, Jr., Assistant District Attorney, for Appellee.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Petitioner, Safety National Casualty Corporation ("Safety National"), appeals the judgment of the trial court dismissing its Petition for Nullity of the trial court's judgment of bond forfeiture. For the reasons stated herein, we affirm.

FACTS
Bertel Hall was charged with possession with intent to distribute crack cocaine. On October 15, 2005, Safety National entered into a bail bond contract with Hall in the amount of $25,000 to the State, pursuant to a power of attorney. Hall subsequently entered a plea of not guilty and appeared in court twice, ultimately withdrawing his plea of not guilty on April 17, 2006, and entering a plea of guilty to the felony charge. Sentencing was set for September 11, 2006. Hall failed to appear, a bench warrant was issued and the bond was ordered forfeited. On November 6, 2006, the court signed a written judgment of bond forfeiture.
The deputy clerk signed an affidavit of mailing of the bond forfeiture judgment pursuant to La. R.S. 15:85 that was dated November 10, 2006. Safety National has produced the envelope containing the judgment that was attempted to be sent to Hall which bears a postmark of November 15, 2006. Ten months later, on September 13, 2007, Safety National filed the instant action. Trial was held on November 8, 2007, wherein the entire record of the criminal proceeding against Hall was introduced. As stated, the trial court dismissed the petition. In oral reasons, the trial court noted that Safety National should have appealed the bond forfeiture judgment or instituted a summary proceeding to have it set aside, but that this later action for nullity constituted an impermissible "second bite at the apple." The trial judge further commented that he thought this was a "relative nullity," but he found no prejudice to the bonding company. Safety National appeals.

DISCUSSION
Safety National assigns the following four errors on appeal (verbatim):

*805 1. Safety National Casualty Corporation asserts that the trial court erred by dismissing appellant's Petition for Nullity, even though the trial court found the forfeiture of a bail bond after a guilty plea to be a "relative nullity."
2. Safety National Casualty Corporation asserts that the trial court erred by failing to find that the surety, Appellant herein, was released from all obligations, on April 17, 2006 under its bond pursuant to La. C. Cr. P. Art[.] 326(B) after Bertel Hall pled guilty to a felony charge, LSA[-]R.S. 40:967.
3. Safety National Casualty Corporation asserts that the trial court erred in failing to find Safety National Casualty Corporation was released from all obligations under its bond in the criminal proceedings entitled "State of Louisiana versus Bertel Hall, 26th JDC No. 72,467", by operation of law, pursuant to the provisions of LSA R.S. 15:85(3)(c).
4. Safety National Casualty Corporation asserts that the trial court erred by finding that the notice of the signing of the judgment of bond forfeiture was mailed on November 10, 2006 rather than November 15, 2006, as evidenced by the United States Postmark located on the envelope containing the notice of bond forfeiture judgment.
A bond forfeiture is a civil proceeding, albeit subject to the special rules set forth in the code of criminal procedure. La. R.S. 15:85 governs the procedures surrounding bond forfeitures and provides, in pertinent part, as follows:
85. Forfeiture; procedure; notice; enforcement; and collection
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all of the following:
* * *
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant's failure to appear shall release the sureties of any and all obligations under the bond.

*806 * * *
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
(6) Appeals.
(a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. The security to be furnished for this suspensive appeal shall be equal to the bail obligation.
(b) The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.
(c) All appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture.
* * *
(9) Nullity actions. Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.

Lack of Proper Notice
We will first address the third and fourth errors assigned by Safety National, wherein it urges a strict interpretation of the 60-day notice requirement of La. R.S. 15:85(3)(c) and further suggests that the postmark on the envelope mailed by the clerk to Hall should trump the deputy clerk's affidavit of mailing regarding the date on which the notice of judgment was mailed. Specifically, Safety National would have the court interpret the statute to require the notice to be mailed within 60 days of the Defendant's failure to appear on the bond rather than from the date the bond forfeiture judgment was signed, contrary to the holding of this court in Louisiana Bail Bonds, Inc. v. State, 41,091 (La.App. 2d Cir.5/17/06), 930 So.2d 1113. Alternatively, Safety National argues that the postmarked date of November 15, 2006, is the date on which the trial court should have relied in computing the 60-day lapse, rather than November 10, the date supplied by the clerk in her affidavit. The former would have made the mailing of the notice untimely.
In response, the State points out that there are three dates on the envelope addressed to Hall, with three return to sender notations. The State argues that there was no evidence presented as to what happened to that envelope during mailing. It was returned, forwarded, etc., with no explanation. There was no evidence that it was handled in the same fashion as the mailings to the bonding company and commercial surety. The State further points out that Safety National produced no evidence that the notice to Safety National or its agent was mailed on November 15, 2006. In fact, we note that the record contains no evidence of the date of mailing *807 of the notice to Safety National; however, the green return receipt cards indicate receipt of the same by Safety National on November 20, 2006.
Based on the evidence, and lack thereof, in the record before us, we cannot say that the trial court's acceptance of the affidavit of the deputy clerk as to mailing was manifestly erroneous or clearly wrong. Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993).
In addition, the record contains no evidence or allegation that Safety National did not receive notice of the judgment. As mentioned, the green card indicating receipt on or before November 20, 2006, is in the record. We agree with the State that there was no unnecessary delay shown and Safety National was not deprived of any reasonable opportunity to locate and surrender Defendant.
We, therefore, find no merit in these assignments of error.

Extinguished Obligation and Proper Procedure
In its first two assignments of error, Safety National argues that it completed all of its obligations under the bond by ensuring Hall's presence for arraignment, status conference and for his guilty plea.[1] Accordingly, Safety National argues that its obligation was extinguished and there was no valid bond to support a bond forfeiture judgment. While this may be the case,[2] we find that the procedures for challenging a judgment of bond forfeiture, specifically set forth in La. R.S. 15:85, were not followed by Safety National in this case. Accordingly, Safety National lost its right to attack the bond forfeiture judgment.
There are three avenues available under Louisiana statutory bond forfeiture law and procedure for a surety to challenge a bond forfeiture judgment. First, under La. R.S. 15:85(6), Safety National could have filed a suspensive or devolutive appeal from the judgment of forfeiture within the appropriate delays. Safety National did not appeal the bond forfeiture judgment. Second, La. R.S. 15:85(5) provides for defenses to be asserted against the judgment or actions for nullity to be brought by summary proceedings within 60 days from the mailing of the notice of the signing of the judgment of bond forfeiture. Safety National did not file any such summary proceeding challenging the judgment. The third avenue is found in subsection (9) of the statute, which allows for *808 nullity actions that were not filed within the 60 days provided for filing summary proceedings to be brought by the use of ordinary civil proceedings. These nullity actions must be filed pursuant to the rules set forth in La. C.C.P. art. 2001, et seq. La. R.S. 15:85(9).
Since it was this third option through which Safety National chose to attack the bond forfeiture judgment in the case sub judice, we examine Safety National's action under the articles governing nullity actions in the Code of Civil Procedure. Under La. C.C.P. art.2004, a final judgment obtained by fraud or ill practices may be annulled. "Ill practice" is any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. Morehead v. Ford Motor Company, 30,207 (La.App. 2d Cir.2/25/98), 709 So.2d 861, citing Foret v. Terrebone, Ltd., 93-676 (La.App. 5th Cir.1/25/94), 631 So.2d 103; State Through Department of Social Services v. Jones, 94-2605 (La.App. 1st Cir.10/6/95), 671 So.2d 404. The "legal right" of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense. Morehead, supra. When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was prevented or excused" from asserting his claims or defenses. Id.
There are two criteria to be examined in determining whether a judgment has been obtained through fraud or ill practices, namely (1) when the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Morehead, supra, citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The burden of so proving is upon the plaintiff in the nullity action. Burkett v. Property of Douglas, 575 So.2d 888 (La.App. 2d Cir.1991).
The trial court is permitted discretion in deciding when a judgment should be annulled because of fraud or ill practice. Morehead, supra; Kem Search, Inc., supra. Further, each case must be viewed according to its own peculiar circumstances. Chauvin v. Nelkin Insurance Agency, Inc., 345 So.2d 132 (La.App. 1st Cir.1977), writ denied, 347 So.2d 256 (La.1977). Finally, the statute permitting the annulment of a final judgment obtained by fraud or ill practices is not limited to actual fraud or wrong doing. In re S.R., 582 So.2d 956 (La.App. 2d Cir. 1991), writ denied, 585 So.2d 574 (La. 1991).
A review of the record in this case reveals no support for an allegation of fraud or ill practices in the bond forfeiture proceedings and resulting judgment herein. There is no evidence that Safety National was deprived of any legal rights or defenses, nor is there any indication that it was prejudiced in any way by the judgment. Safety National failed to follow the procedures afforded to it by statute to challenge the bond forfeiture judgment and a collateral action for nullity is not a proper remedy for a party's failure to act on its own behalf. See McKinney Saw and Cycle v. Barris, 626 So.2d 786 (La. App. 2d Cir.1993). Furthermore, as discussed above, Safety National failed to substantiate its claim of an alleged vice of form or substance that would support a separate nullity action under La. C.C.P. art. 2001, et seq.
These assignments of error are without merit.

*809 CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing the Petition for Nullity of Safety National Casualty Corporation is affirmed at the cost of Safety National Casualty Corporation.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, PEATROSS and DREW, JJ.
Rehearing denied.
DREW, J., would grant rehearing.
NOTES
[1] La. C. Cr. P. art. 326(B) provides:

Upon conviction and imposition of sentence or the pronouncement of sentence or condition of probation pursuant to Article 894 in misdemeanor cases, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond. Upon entry of a plea of guilty or nolo contendere in any felony case, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond, unless the surety has agreed in writing to continue on the existing bail undertaking or has posted another bond. In all cases, if necessary to assure the presence of the defendant at all future stages of the proceedings, if any, the court may in its discretion require the defendant to post another bond or other acceptable security, or may release the defendant on bail without surety as provided for in Article 325. The court may continue the existing bail undertaking with the written approval of the surety on the bond. Such approval must be obtained from the surety in accordance with the provisions of this Paragraph. (Emphasis added.)
[2] We pretermit a discussion or decision on this issue due to our finding infra regarding the improper procedure utilized by Safety National. For discussion of extinguished bond obligations, see State v. Wills, 94-2474 (La. App. 1st Cir.4/4/96), 672 So.2d 405; State v. Davis, 95-408 (La.App. 3d Cir. 10/4/95), 663 So.2d 386.