Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,785-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SAFETY NATIONAL            Plaintiffs-Appellees
CASUALTY CORPORATION,
ACCREDITED SURETY &
CASUALTY COMPANY,
FINANCIAL CASUALTY &
SURETY COMPANY AND
ROCHE SURETY & CASUALTY
COMPANY, INC.

versus

STATE OF LOUISIANA            Defendant-Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 44-045

Honorable Robert W. Kostelka (*Ad Hoc*), Judge

* * * * *

| | |
|---|---|
| OFFICE OF THE DISTRICT ATTORNEY SECOND JUDICIAL DISTRICT COURT By: Benjamin J. Bleich    Teresa C. Carroll    Assistant District Attorneys | Counsel for Appellant, State of Louisiana, Daniel W. Newell, District Attorney |
| ELTON B. RICHEY & ASSOCIATES By: Elton B. Richey, Jr.    Christina E. Hobbs | Counsel for Appellees, Safety National Casualty Corporation, Accredited Surety & Casualty Company, Financial Casualty & Surety Company and Roche Surety & Casualty Company, Inc. |

JEFFREY M. LANDRY                    Counsel for Appellee,
Attorney General                     State of Louisiana

MICHAEL S. HEIER
Assistant Attorney General


* * * * *


Before WILLIAMS, PITMAN, and GARRETT, JJ.

**WILLIAMS, C.J.**

The defendant, State of Louisiana through the Office of the District Attorney for the Second Judicial District Court ("2d JDC"), appeals a judgment granting summary judgment in favor of the plaintiffs, Safety National Casualty Corporation, Accredited Surety & Casualty Company, Financial Casualty & Surety Company and Roche Surety & Casualty Company, Inc. The district court annulled the judgments of bond forfeiture. For the following reasons, we affirm.

## FACTS

On September 15, 2015, the district court rendered 19 judgments of bond forfeiture sought by the 2d JDC District Attorney's office. The bonds had been issued for defendants who had failed to appear on various dates from 2007 to 2013. Later in September 2015, notices of the bond forfeiture judgments were mailed to the commercial sureties. In July 2016, the plaintiffs, Safety National Casualty Corporation, Accredited Surety & Casualty Company, Financial Casualty & Surety Company and Roche Surety & Casualty Company, Inc., filed a petition to annul the judgments of bond forfeiture against the defendant, State of Louisiana ("the State"), through the Office of the Louisiana Attorney General and the 2d JDC District Attorney's Office. Plaintiffs alleged that the judgments of bond forfeiture are nullities because the State failed to mail notice of each forfeiture judgment within 60 days of the date of the named defendant's failure to appear in court. The 2d JDC District Attorney filed exceptions of prescription and no cause of action. The Louisiana Attorney General filed exceptions of vagueness, improper joinder and no cause of action. In September 2016, plaintiffs filed an amended petition.

In December 2016, district judges Clason, Teat and Fallin recused themselves from this matter, stating as reasons the plaintiffs' allegations of ill practices by the 2d JDC District Attorney and "the working relationship" between the district attorney and the above-named 2d JDC judges. In July 2017, Judge Kostelka was appointed to hear this matter. In September 2017, plaintiffs filed a second amended petition to remove a reference to the Bienville Parish Sheriff.

In November 2017, the district court denied the district attorney's exception of prescription and granted the attorney general's exception of improper joinder, dismissing the Louisiana Attorney General's Office from this action. Thereafter, plaintiffs filed a motion for summary judgment. After a hearing, the district court found that the bond forfeiture judgments were null because they were not obtained within the statutory time period for such forfeitures. The district court rendered judgment granting plaintiffs' motion for summary judgment. The State appeals the judgment.

**DISCUSSION**

The State contends the trial court erred in denying the State's exception of prescription. The State argues that plaintiffs' action has prescribed because they did not file a summary proceeding objecting to the forfeiture judgments within 60 days of the date that notice of the judgments was mailed.

The State must strictly comply with the provisions of the statute concerning bond forfeitures before a judgment of forfeiture can be entered. *State v. Cook*, 616 So.2d 272 (La. App. 2 Cir. 1993). A bond forfeiture is basically a civil proceeding subject to special rules in the Code of Criminal Procedure. *State v. Cook, supra*. The defendant and his sureties shall be

2

entitled to assert defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court that issued the judgment of bond forfeiture within 60 days after the date of mailing the notice of the signing of the forfeiture judgment. La. C.Cr.P. art. 349.5(A)(1). Nullity actions pursuant to the Code of Civil Procedure Article 2001 *et seq.* not filed within the 60-day period for filing summary proceedings shall be brought by the use of ordinary civil proceedings. La. C.Cr.P. art. 349.5(A)(2).

The nullity of a final judgment may be demanded for vices of either form or substance. La. C.C.P. art. 2001. A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of the plaintiff's discovery of the ill practice. La. C.C.P. art. 2004.

In this case, the state contends in its brief that plaintiffs were required to file their nullity action within the 60-day period set forth in Article 349.5(A)(1). However, Article 349.5(A)(2) specifically provides that nullity actions not filed in that 60-day period shall be filed by the use of ordinary civil proceedings. In addition, this court has previously stated that the failure to file a petition within the 60-day period does not bar the surety's action seeking the nullity of the forfeiture judgment. *See Cook, supra*.

Article 2004 provides that an action to annul a judgment must be brought within one year of the plaintiff's discovery of the ill practice. In July 2016, plaintiffs filed a petition alleging they had discovered the state's ill practice in September 2015. Thus, the plaintiffs' action was filed within the applicable one-year prescriptive period and the trial court did not err in

3

denying the State's exception of prescription. This assignment of error lacks merit.

The State contends the trial court erred in granting plaintiffs' motion for summary judgment. The State argues that summary judgment was not proper because there are issues of material fact regarding the dates of nonappearance and whether the State committed ill practices.

Upon motion of the prosecuting attorney and proof of the bail contract, notice to defendant and the surety and the defendant's failure to appear as required, a bond shall be forfeited and a judgment of bond forfeiture shall be signed. La. C.Cr.P. art. 349.2(A). After entering the fact of the signing of the forfeiture judgment in the court minutes, the clerk of court shall promptly mail notice of the signing of the bond forfeiture judgment. La. C.Cr.P. art. 349.3(A). Failure to mail notice of the signing of the forfeiture judgment within 60 days after the defendant fails to appear shall release the sureties of all obligations under the bond. La. C.Cr.P. art. 349.3( C).

An "ill practice" is any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. *Safety National Casualty Corp. v. State*, 43,361 (La. App. 2 Cir. 6/4/08), 986 So.2d 802, *writ denied*, 2008-2180 (La. 3/27/09), 5 So.3d 140. When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing how he was prevented or excused from asserting his claims or defenses. *Safety National Casualty Corp., supra.* There are two criteria to consider in determining whether a judgment has been obtained through ill practices, namely, when the circumstances of the judgment show the

4

deprivation of the legal rights of the litigant seeking relief and when the enforcement of the judgment would be unconscionable or inequitable. The trial court has discretion in deciding whether a judgment should be annulled because of ill practice. *Safety National Casualty, supra*.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

In the present case, the plaintiffs filed a motion for summary judgment along with a statement of uncontested facts listing the dates on which the named defendants failed to appear and for which the judgments of forfeiture were rendered. In opposing plaintiffs' motion, the State did not contest the accuracy of those dates with contradictory evidence. Thus, plaintiffs established that no genuine issue of material fact exists regarding the dates of nonappearance that are the basis for the forfeiture judgments.

This case involves the application of La. C.Cr.P. arts. 349 through 349.9, which were repealed by Acts 2016, No. 613, effective January 2017. At the time the forfeiture judgments at issue were rendered, the language of Article 349.3( C) required that notice be mailed within 60 days of the nonappearance date for which a written judgment of bond forfeiture is ultimately rendered. *See Louisiana Bail Bonds, Inc. v. State*, 41,091 (La. App. 2 Cir. 5/17/06), 930 So.2d 1113; *State v. Murphy*, 40,485 (La. App. 2

Cir. 12/14/05), 917 So.2d 769, *writ denied*, 2006-0056 (La. 4/17/06), 926 So.2d 520; *and State v. Anaya*, 29,843 (La. App. 2 Cir. 9/24/97), 699 So.2d 1158 (cases applying the same language contained in the predecessor statute to Article 349.3).

The State asserts in its brief that this court has interpreted the statute as allowing notice of the signing of the forfeiture judgment to be mailed within 60 days of the date of the judgment itself, citing *State v. Young*, 47,387 (La. App. 2 Cir. 9/26/12), 106 So.3d 116, and *Safety National Casualty, supra*. Contrary to the State's assertion, the cases of *Louisiana Bail Bonds*, *Murphy* and *Anaya* demonstrate that this court has applied the express language of the statute, which required that notice of the signing of the bond forfeiture judgment be mailed within 60 days after the defendant fails to appear. This interpretation, that the 60-day notice period begins on the date of nonappearance for which the forfeiture judgment is rendered, is consistent with the plain meaning of Article 349.3( C) and we decline to adopt any contrary interpretation.

The State is required to strictly comply with the statutory provisions for bond forfeiture. In addition, an ill practice deprives a litigant of a legal right. The evidence presented demonstrates that the State, in obtaining bond forfeitures years after the dates of defendants' nonappearance, failed to comply with the statutory notice requirement and deprived plaintiffs of the opportunity to promptly locate and bring the named defendants before the court. Pursuant to Article 349.3( C), as it appeared at the time of the forfeitures, the State's failure to mail notice of the signing of the forfeiture judgment within 60 days of the nonappearance date for which the judgment was rendered released the plaintiffs from their obligations under the bonds.

6

Based upon this record, the district court did not err in granting the plaintiffs' motion for summary judgment and annulling the judgments of bond forfeiture. Thus, the assignment of error lacks merit.

**CONCLUSION**

For the foregoing reasons, the district court's judgment annulling the judgments of bond forfeiture is affirmed. Costs of this appeal in the amount of $2,385.50 are assessed to the appellant, State of Louisiana, through the Office of the District Attorney of the Second Judicial District Court, in accordance with La. R.S. 13:5112(A).

**AFFIRMED.**