PER CURIAM.*
The issue in this case is whether a surety’s bond may be forfeited under La.R.S. 15:85 when an officer charged with the detention of a defendant refused to accept a surety’s surrender of that defendant.
*1348 The surety involved in the instant matter, Accredited Surety and Casualty (Accredited), posted an appearance bond for $2000 after the defendant was arrested for a second offense DWI. When Accredited learned that the defendant had left the jurisdiction of the court, Accredited attempted to surrender the defendant to the officer charged with his detention at the East Baton Rouge jail in compliance with La.Code Crim.P. art. 345. However, the officer refused to accept the surrendered defendant. Thereafter, the trial court denied Accredited’s motion to discharge the surety and subsequently rendered a judgment of bond forfeiture after the defendant failed to appear at trial. In a two-one unpublished opinion, with one judge dissenting, the court of appeal affirmed the judgment of bond forfeiture. We agree with Judge Carter’s dissenting opinion.
By the unambiguous language of La.Code Crim.P. art. 345, which governs the surrender of defendants, it is clear that an officer charged with the detention of a defendant has no discretion to refuse to accept a surety’s lawful surrender of that defendant. Article 345(A) provides for surrender “at any time prior to forfeiture.... Upon surrender of the defendant, the officer shall detain the defendant in his custody ... and shall acknowledge the surrender by a certificate.... Thereafter the surety shall be fully and finally discharged.” (Emphasis added.) It is evident that the article does not contemplate an officer’s refusal to accept surrender. Therefore, we agree with the majority of the court of appeal insofar as it recognized that “it was error for the sheriff to refuse to accept the prisoner when the surety attempted to surrender him in accord with La. C.Cr.P. art. 345.” We cannot, however, support the court of appeal’s judgment affirming the forfeiture of the surety’s bond for reasons expressed below.
This Court, in State v. Wheeler, 508 So.2d 1384 (La.1987), recognized that La.C.Cr.P. art. 345 and La.R.S. 15:85 are not two separate and independent provisions regarding the rights of the surety with respect to bond forfeitures. Instead, they must be considered together in the context of each other.[1]
La.R.S. 15:85 provides for bond forfeiture; however, such forfeitures are disfavored in the law. State v. Breaux, 94-1562, 94-1553 (La.App. 3 Cir. 5/31/95), 657 So.2d 371; State v. Sanford, 634 So.2d 1221 (La.App. 1 Cir. 1993). For that reason, forfeitures may only be granted when the State has strictly complied with the requirements of La.R.S. 15:85. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Batiste, 94-1237 (La.App. 3 Cir. 4/5/95), 653 So.2d 127; State v. Richardson, 633 So.2d 704 (La.App. 1 Cir.1993). Reading La.R.S. 15:85 in conjunction with C.Cr.P. art. 345, we conclude that in circumstances where the lawful surrender of a defendant is refused, the State may not claim satisfaction of its requirements under La.R.S. 15:85 to effectuate bond forfeiture when the refused defendant subsequently fails to appear at trial. The courts below erred in concluding that bond forfeiture in the instant matter was valid.
DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed.
REVERSED.

 Kimball, J., not on panel. Rule IV, part 2, § 3.

. Wheeler cited to La.C.Cr.P. art. 338 regarding the surrender of the defendant, which was replaced by the current La.C.Cr.P. art. 345.