LOVE, J.,
dissents and assigns reasons.
I respectfully dissent from the majority. For reasons discussed in greater detail below, I find that because the Orleans Parish Sheriffs Office (OPSO), a state actor, failed to perform its mandated duties the State failed to strictly comply with statutory provisions in order to obtain a judgment of bond forfeiture. Additionally, OPSO’s error was not reasonably foreseeable as OPSO is required by law to execute a trial court’s orders. Thus, I find OPSO’s failure to do so constitute a “fortuitous event” pursuant to La.C.Cr.P. art. 345(1) and La. R.S. 15:83(C)(2).
In State v. Kerrison, 97-1759, p. 1 (La.10/17/97), 701 So.2d 1347, 1348, the Louisiana Supreme Court held “that La. C.Cr.P. art. 345 and La. R.S. 15:85 are not two separate and independent provisions regarding the rights of the surety with respect to bond forfeitures. Instead, they must be considered together in the context of each other.” Id. (citing State v. Wheeler, 508 So.2d 1384 (La.1987)). La. R.S. 15:85 recognizes bond forfeitures; however, they are not favored in Louisiana. Id. (citing State v. Breaux, 94-1562, 94-1553 (La.App. 3 Cir. 5/13/95), 657 So.2d 371); Nellon, 12-1429, p. 5, 124 So.3d at 1118. Therefore, “the State must strictly comply with statutory provisions to obtain a judgment of bond forfeiture.” Id.
I disagree with the majority’s finding that “FCS does not suggest that ... the State did not comply with the statutory requirements necessary for a judgment of bond forfeiture.” In fact, the basis of FCS’ assertions on appeal is that the State, through OPSO’s improper actions, faiied to comply with the necessary statutory requirements.
FCS sought to set aside the judgment of bond forfeiture based on the provisions of La.C;Cr.P. art.- 345. FCS timely filed its motion, attaching an August 14, 2013 letter of verification from OPSO, stating that Mr. Jones “was incarcerated from July 9, 2013 through July 9, 2013.” FCS avers that because Mr. Jones was incarcerated by the officer originally charged with his detention within the time allowed by law for setting aside a judgment for forfeiture, it is entitled to be fully discharged from its obligations under the bond within the meaning of La.C.Cr.P. art. 345(B),
The State contends that this Court need not look any further than the express language of Paragraph B.[1] The State asserts *960 that the use of present tense demonstrates the requirement of the defendant’s continued incarceration for purposes of surrendering a defendant. Consequently, the State claims that the statute requires that the defendant “be currently incarcerated” and that the letter of verification state that the defendant is “currently being held by the officer originally charged with his detention.”
While the State’s interpretation focuses on the use of present tense in La.C.Cr.P. art. 345(B), it overlooks the fact that the legislature included a temporal element as it relates to the defendant’s incarceration. The statute requires only that the defem dant be incarcerated “at any time” either prior to forfeiture or within the time allowed by law for setting aside the forfeiture.[2] Nothing in the statute expressly requires the defendant be presently incarcerated at the time the surety obtains a letter verifying his incarceration. If the legislature so intended, it could have easily included such express language.
' Additionally, as a practical matter, the State’s interpretation would “require the surety to sit at the jail, checking names of those arrested against the names of those who have failed to appear, and obtain a letter verifying incarceration at that instant moment in time.”' Likewise, the surety would have to supervise OPSO’s operations to ensure that the state actor did not release a defendant arrested on an alias capias without bond. I find such actions by the surety are not required in order for the surety to be relieved of its obligations on a bond.
Despite the sheriffs error in releasing Mr. Jones in violation of the trial court’s order, the State’s argument on appeal shirks its obligation to strictly comply with the statutory requirements. Instead, the State argues that, after learning of Mr. Jones’ erroneous release, the proverbial buck stopped with FCS, who was required to physically present Mr. ■ Jones to the sheriff for surrender. Any failure to surrender Mr. Jones after he was released within the time allowed for setting aside the forfeiture, the State claims obligates FCS under the bond.
The purpose of criminal bail bonds is to “ensure that the accused will appear at all stages of the proceedings against him.” Nellon, 12-1429, p. 5, 124 So.3d at 1118. In the instance that a defendant fails to appear, “[i]t is axiomatic, that as the time period between entry of the forfeiture and the sending of notice thereof increases, the surety’s chances of tracking down the defendant are progressively diminished.” State v. William, 07-648, p. 9 (La.App. 5 Cir. 1/22/08), 977 So.2d 154, 159. Therefore, La. R.S. 15:85 serves to “shield the surety from prejudice brought by the delay in learning of a defendant’s failure to appear.” Id., 07-648, p. 6, 977 So.2d 154, 157-58.
Similarly, a review of article 345 in its entirety demonstrates that notice is a necessary component of a defendant’s surrender that safeguards the surety and its bond obligation. Just as a surety’s chances of tracking down the defendant are significantly diminished when the period between entry of forfeiture and the surety’s notification increases, the same is true under the present circumstances. When the officer originally charged with the defendant’s detention arrests the defendant pursuant to an alias capias without bond and fails to hold him, “the surety’s chances of tracking down the defendant are progressively diminished.” Id., 07-648, p. 9, 977 So.2d at 159. *961 Therefore, I find timely notice of the defendant’s re-arrest under La.C.Cr.P. art. 345(B) underscores the purpose of criminal bail bonds and the safeguards of La. R.S.15:85.
Additionally, La. R.S. 13:5539(B) mandates that each sheriff, or deputy “shall execute all writs, orders, and process of the court or judge thereof directed to him.” The trial court acknowledged as much, stating, “... I don’t understand how he gets arrested on my capias and he is in OPP for 24 hours and he is not held. That is something that I have to take up with the jail.... ” Thus, by law the sheriff lacks the discretion to ignore its mandated duties.
In Kerrison, the surety challenged the judgment of bond forfeiture based on the sheriffs failure to perform its mandated duties. The surety attempted to surrender the defendant to the officer charged with his detention pursuant to La.C.Cr.P. art. 345, and the officer refused to accept the surrender. Id., 97-1759, p. 1, 701 So.2d at 1348. The Louisiana Supreme Court reversed the trial court’s denial of the surety’s motion to set aside the bond forfeiture, finding the unambiguous language of La.C.Cr.P. art. 345(A) makes “clear that an officer charged with the detention of a defendant has no discretion to refuse to accept a surety’s lawful surrender of [the] defendant.” Considering La.C.Cr.P. art. 345 and La. R.S. 15:85 together, the Court found that the sheriff, a state actor, had no discretion to refuse the surety’s lawful surrender of the defendant pursuant to La.C.Cr.P. art. 345. Id. Therefore, in circumstances where the State refuses the surety’s lawful surrender of a defendant, “the State may not claim satisfaction of its requirements under La. R.S. 15:85 to effectuate bond forfeiture.” Id. (emphasis added).
On appellate review, we must consider “the law in its entirety and all other laws on the same subject matter” and interpret the law in a manner “consistent with the express terms of the law” and legislative intent. Nellon, 12-1429, p. 5, 124 So.3d at 1118 (internal citation omitted). The purpose of criminal bail bonds is not to enrich the State but to compel a defendant’s appearance in court to answer the charges filed against him. When a defendant fails to appear and an alias capias without bond is issued, article 345 provides not only a means for ensuring the defendant’s appearance in court, but also a way for the surety to be discharged from its bond obligation. To set aside a bond forfeiture based on article 345, the surety, itself, must comply with all laws applicable to criminal bail bonds. Nevertheless, the surety must also rely on the trial court, the State, and the sheriff to do the same. The State suggests, that despite any error on the part of itself, or its actors, the surety remains liable on the bond if the released defendant fails to appear or the surety fails to surrender him. Kerrison indicates otherwise as it found a surety will not be held accountable for a sheriffs failure to comply with its mandated duties under the applicable bail bond statutes. For this reason, jurisprudence requires strict compliance and not just of the surety.
Considering La.C.Cr.P. art. 345 in its entirety in light of La. R.S. 13:5539, I find article 345 does not contemplate an officer’s failure to follow the mandates of a court or judge. For that reason, it was error for OPSO to release Mr. Jones when the court issued an alias capias without bond. I find, like Kerrison, that where the sheriff fails to hold the defendant in his custody without bond pursuant to court order, “the State may not claim satisfaction of its requirements under La. R.S. 15:85 to effectuate bond forfeiture” when the released defendant subsequently fails *962 to áppear or the surety fails to formally surrender him. Id.
Moreover, La. R.S. 15:83(C)(1) provides that a surety is not liable for his failure to perform when it is “caused by a fortuitous event that makes performance impossible.” A fortuitous event is one that, at the time the contract was made, the surety could not have been reasonably foreseen. La. R.S. 15:83(C)(2).[3] As discussed above, it is presumed that the sheriff will execute the orders of a court as required by law. In that I find La.C.Cr.P. art. 345 does not contemplate an officer’s failure to perform its mandated duties, I do not find it to be a reasonably foreseeable event. Furthermore, as a matter of principle, if it was foreseeable that the sheriff would not perform his mandated duties to detain a defendant following the issuance of an alias capias without bond, then sureties would have little, if any, incentive to enter contracts that obligate themselves on a bond. Consequently, FCS asserts that it should not be liable, nor should the State be rewarded, for the failure of a state actor to perform its mandated duties. After review of La.C.Cr.P. art. 345 together with La. R.S'. 13:5539 and 15:85, I find OPSO’s failure to perform its mandated duties is not reasonably foreseeable. Therefore, I find OPSO’s failure also constitutes a “fortuitous event” under La.C.Cr.P. art. 345(1) and La. R.S. 15:83(0(2).
Like Kerrison, I find in the case sub judice that the State did not satisfy the requirements of La. R.S. 15:85 because OPSO (by law) had no discretion to release Mr. Jones while there was an outstanding alias capias for his arrest without bond. For the same reason, it is not reasonably foreseeable that OPSO would act in contravention to its mandated duties under La. R.S. 13:5539 and fail to execute the orders of a court. Thus, the error of OPSO constitutes a fortuitous event pursuant to La.C.Cr.P. art. 345(1) and La. R.S. 15:83(C)(2). Therefore, I find the trial court erred in denying FCS’ motion to set aside the judgment of bond forfeiture. Accordingly, I respectfully dissent and would reverse the trial court and order the judgment of bond forfeiture set aside.
JENKINS, J., concurs in the result.

. Paragraph -B states, ”[i]f the the defendant is incarcerated by the officer originally charged with his detention,” the surety "may apply for and receive from any officer in charge of any facility in the state of Louisiana or foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated.” La.C.Cr.P. art. 345(B) (emphasis added).

. Paragraph B’s corollary, La.C.Cr.P. art. 345(D), uses past and present tense when referring to the defendant's incarceration, appearing to support FCS's interpretation.

. Black's Law Dictionary defines a "fortuitous event” as “[a] happening that, because it occurs only by chance or accident, the parties could not reasonably have foreseen.” (emphasis added).